HENRY S. REDFIELD, ADMINISTRATOR, ETC., v. GEORGE TEGG.

*Commission Broker—Evidence—Inference.*

Where a broker has been employed to sell real estate, and has advertised the same, and a sale is effected in his presence, it may be presumed that he procured it to be made, even though he do not prove that fact by positive evidence.

CLERKE, J.—Was the referee right in denying the motion to dismiss the complaint?

The complaint alleges that the Defendant employed the firm, as real estate brokers, to sell his farm on the Lyell Road, containing about sixty-three acres, together with certain personal property, and that the Defendant agreed to pay them, for so doing, the customary commission.

It further alleges that, in the month of January, 1858, they did effect a sale of the farm and said personal property to Mary Louisa Ritter, for the sum of $13,600, and that the customary commissions for such services are one per cent.

The complaint demands judgment for $136. Gunnison, one of the firm, testifies that, some time previous to the sale, the Defendant gave him his real estate for sale, and that he entered it in his register-book, and advertised it on a card, put up in front of his office, in the Arcade. From May, 1857, when they were first employed, he testifies that Defendant was in several times, trying to find a purchaser; that he sent several people—no less than three or four—to the Defendant. The attention of people calling at the office was directed to this property. Defendant was there once a week for several weeks.

Ritter, a friend of the lady who afterwards purchased the property, came to him and said they had been trying to trade, and could not; they wished him to examine the property, and to try to get them to agree.

He accordingly went to see the property once or twice.  He went all over it; came home and calculated the value of the property of each.  They came again and looked (the valuation, I suppose) over together, and after having several interviews in his office, talking the matter over, they wished him to draw a contract, on which they had pretty much agreed.  The agreement, and an addition on the back of it, were subsequently signed and completed, one dated the "14th Jan.," and the other the "20th Jan., 1858."  Some time before the sale the Defendant was informed by him that the commission would be one per cent.

Another member of the firm was sworn, but he added nothing material to the testimony of Gunnison.

On this evidence the Defendant's counsel moved for a nonsuit, on the ground that it did not appear that the Plaintiffs found the purchaser, and that they were not, therefore, the procuring cause of the sale; and second, that, as it appeared by exhibit "A" that they had received, or had become entitled to receive, their full compensation from Ritter, they could recover no compensation from the Defendant, even if it was necessary, after the proof of employment and several subsequent visits of the Defendant, with his conversations and inquiries, and of various efforts to sell the property, also to prove that they procured the purchaser.

I see nothing in the evidence to show that they did not procure him.  They advertised the property, many people called at their office, inquiring about it; and it may be very correctly inferred that it was in consequence of this advertising, and other efforts of the Plaintiffs, that information relative to it reached Ritter, either directly, or from some other person who had information directly from the same source.

It is quite evident that Defendant retained Plaintiffs, and agreed to pay the commissions, by not dissenting when he was informed of what they would be.  He afterwards called at their office several times, and finally came with the purchaser and requested them to effect an agreement, which the Plaintiffs succeeded in doing.

I think this in connection with the effort to sell from the be-

21

ginning, may very justly be considered as services rendered in pursuance of the original. employment.

Besides, in the contract with Ritter, marked as exhibit " A," there is a clause by which both parties acknowledge their indebtedness to the Plaintiffs to the amount of their customary commissions. Gunnison swears that the Defendant examined the contract after it was drawn. " He hesitated, and deliberated, and, at length, concluded to sign the contract."

This may be taken as an admission that the sale was effected through the agency of the Plaintiffs. But I do not think that it is an admission to operate against the Plaintiffs, that the Defendant shows that the purchaser was to pay the commission, and that it relieved the Defendant from his obligation to pay the Plaintiffs for their services.

The Plaintiffs rendered services, indeed, to both. They enabled Ritter to dispose of the houses in Rochester, and the Defendant to dispose of his farm on the Lyell Road. Ritter does not acknowledge himself liable for the disposal of the Defendant's farm ; but, if the admission amounts to anything in relation to him, it makes him, or rather his principal, liable for services rendered to her in disposing of her houses.

After the motion for the dismissal of the complaint was denied, the Defendant proceeded with his defence, and, on the whole evidence, the referee finds, as conclusions of fact, the retainer by the Defendant, his promise to pay one per cent. upon the amount for which the property should be sold, and that, in pursuance of such retainer, the Plaintiffs registered and advertised the Defendant's property for sale, in their usual manner, and did afterwards effect the sale of said property.

The General Term has not interfered with the conclusions of facts ; and the referee's conclusion of law, that the Plaintiffs are entitled to recover, necessarily follows.

I think the judgment should be affirmed, with costs.

Affirmed.

JOEL TIFFANY,
State Reporter.