*411
By the Court:

Freedman, J.
The appeal being from the judgment, no question of fact can be considered, nor the point that the verdict of the jury is against the weight of evidence. The only questions open for review are questions of law. They all arise upon or in connection with the charge of the learned judge presiding at the trial, and his refusal to charge certain requests made by plaintiff. Unless he erred in the application of the law, the judgment appealed from must be affirmed. There was a conflict of evidence as to whether the plaintiff did or did not, prior to the sale by the defendant, call the attention of the purchaser to the property for the sale of which plaintiff seeks to recover a commission. The purchaser most emphatically denied it. From the whole charge of the court, it clearly appears that the question was fairly submitted to the jury. They found the fact in favor of the defendant, and this finding cannot be disturbed. The real and only question involved in the appeal, concisely and tersely stated, is whether the plaintiff was entitled, as the evidence stood, to have the jury charged, that if they found that, although the purchaser was first introduced by plaintiff to defendant for a different purpose, which was accomplished, the acquaintance thus brought about between the parties led ultimately, without further intervention of the plaintiff, to the sale of the property in question, the plaintiff was entitled to recover.
Inasmuch as the fact of such original introduction was admitted, this proposition, if charged, would have been equivalent to a direction to find a verdict for the plaintiff. In my judgment, it would have been error so to charge. It is now the settled law of this State, that in case of a general employment of ,a broker, where his title to commissions is not made expressly to depend upon his securing a purchaser on terms which are specified, the only conditions precedent to the broker’s right to recover are the original discovery of the purchaser, the starting of the negotiations by the broker, and his bringing the minds of the vendor and the vendee to an agreement. When he has done *412 that, when he has produced a purchaser, willing and ready to accept the terms of the owner, and able to perform the obligation on his part, he has earned his commissions. He can do no more. He has no power to execute a contract, to pay the money for the one side, to convey the land on the part of the other, or to compel the performance by either of their duties. To be enabled to maintain his action for his compensation it is, therefore, not necessary that the agreement for the sale of the property should have been reduced to writing and signed by the parties. And it is further settled that, after the broker has thus discovered the purchaser, and started negotiations between him and the owner, the latter cannot avail himself of the services of the broker so far rendered, and then, by taking the negotiations into his own hands, effect a sale, either at the price suggested to the broker, or at a reduced price, and refuse payment of commissions. Eor can the owner, in a case of this description, deprive the broker of his commissions by revoking the broker’s authority to complete the transaction (Stillman v. Mitchell, 2 Robertson, 523, affirmed 36 N. Y., 237; Barnard v. Monnot, 3 Keyes, 203, S. C., 33 How., 440). Thus, where a broker employed to make a sale, under an agreement for the exclusion of all other agencies, produced a party ready to make the purchase at a satisfactory price, it was decided that the principal can neither relieve himself from liability by a capricious refusal to consummate the sale, nor by a voluntary act of' his own, which disables him from performance (Moses v. Bierling, 31 N. Y., 462). And in another case, recently decided by the Court of Appeals, it was held that a real estate broker is entitled to the usual commission for a successful negotiation of the exchange of property put in his hands for sale, when the exchange has been effected through his aid and the terms of the exchange have been accepted by his employer (Redfield v. Tegg, 38 N. Y., 212).
But although courts have thus at all times protected a broker against any unfairness or fraud on the part of the owner, no case can be found in which the lare fact of an introduction by a broker authorized to sell has, in case of a subsequent sale, been *413 held sufficient, per se, to entitle the broker to his commissions. I concede that if a broker, employed to sell certain property, sends a party contemplating to buy to the owner, with reference to that property, and the introduction ultimately results in a sale, he is entitled to his commissions, although he did not describe the property to the purchaser. But the case is entirely different if a broker, intrusted by the same owner with the sale of three or more distinct pieces of property, calls the attention of a party contemplating to buy to only two of them, and prevails upon him to see the owner with reference to the purchase of the one or the other, which is done. Suppose the broker intentionally omitted to mention the other pieces ? He might have, or fancy that he could procure, another' and more desirable party for them, and designedly withhold the information in regard to them. Upon what principle, then, could he claim commissions for a sale which took place contrary to his wishes, intentions, and calculations ? An owner does not preclude himself, by employing a broker, from making personal efforts to sell. He has a right to make them, and if they result in a sale the broker cannot find fault, unless some right previously acquired by him is violated thereby. If they amount to such violation, the courts will interfere. Thus, an owner may sometimes make himself liable to the payment of double commissions if he makes an express but different contract with two brokers separately, and each of them fully performs what he has undertaken to do; but, on the other hand, where an owner agrees with two brokers, separately, to. pay a commission, but only one commission, to the broker effecting the sale, and a sale results therefrom, only one of the brokers can be entitled to it. So, where a party contemplating to buy has a prior knowledge of the facts communicated to him by the broker, and acts solely upon such prior knowledge, and entirely uninfluenced by anything the broker has said or done, the broker does not earn a commission.
The true rule, which has been applied in every case to be found in the books, is, that to entitle a broker to recover it must appear that his agency was, in point of fact, the procuring cause *414 of the sale (Briggs v. Rowe, 4 Keyes, 424). Whether his agency had or had not snch effect, is a question of fact to be determined upon the particular circumstances of each case. Proof on the part of the plaintiff that he sent the person who subsequently became the purchaser to the owner, may sometimes be deemed sufficient to establish this fact prima facie, but, after the defendant has introduced evidence to the effect that the purchaser’s information was not derived from the broker, the latter cannot rest his entire case exclusively upon a bare introduction. He must go further, and show at least that he called, or caused to be called, the attention of the purchaser to the property in question. Plaintiff’s exceptions, therefore, are not well taken.
The judgment appealed from should be affirmed with costs.