## New York Marine Court.

*Trial Term—December*, 1882.

## WILLIAM HENRY MORGAN *against* LAUREN C. WOODRUFF.

An agreement by a plaintiff's attorney, made with a surety of the defendant in an action, to discontinue it on payment of $1,000, is valid, provided the client assents thereto. It is an original and not a collateral undertaking.

Motion for a new trial on the minutes.

The facts, as established by the verdict of the jury, are substantially these : In February, 1876, an action was commenced in the supreme court of the State of New York, by Homer Cook, as assignee of the estate of the State Insurance Company, a bankrupt corporation, against one George C. Smith, to recover $158,601.83 with interest. An order of arrest was granted, under which Smith, the defendant in said action, was held to bail in the sum of $200,000. The bail was subsequently reduced to $100,000, and the defendant herein became one of the sureties on the bond. Upon a motion afterwards made, the bail was again

Morgan *v.* Woodruff.

reduced, and was this time fixed at $5,000. While the action was in this condition the plaintiff, the attorney in the action, who had been previously authorized by his client to arrange for a discontinuance of the action upon any terms he thought best, called upon the defendant, at the St. James Hotel, in the city of New York, and consummated an agreement whereby it was understood that if the plaintiff on the following day, entered an order discontinuing the action, the defendant would pay him $1,000. The condition was performed and the action was discontinued. The plaintiff brought this action to recover the stipulated reward, and the jury awarded him a verdict of $1,330, the amount claimed, and interest. The defendant moves for a new trial on the minutes.

*F. J. Fithian,* for the motion.

*L. A. Fuller,* opposed.

McADAM, J.—The contract entered into by the defendant was not a collateral undertaking to pay the debt of another. There was no debt in existence until the promise was made. The promise gave rise to the debt, and it became an original undertaking on the part of the defendant to pay $1,000 if the plaintiff would perform a certain service. The service was performed. The action to which it related was terminated and the defendant's liability as surety on his friend's bond was discharged. I think this was a legal contract, and in no way affected by the Statute of Frauds.

The defendant contends that the contract is opposed to public policy, because the plaintiff was the attorney of the plaintiff in the action to which the promise related, and that he could not enter into any adverse employment. The proposition is correct in principle (Herrick *v.* Catley, 1 *Daly,* 512; Gaulden *v.* State of

Georgia, 11 *Ga.* 47), but has no application to this case, because the employment of the plaintiff was not adverse to his client, for it had his approval. This circumstance relieves the case from the objection stated. (By analogy see Rowe *v.* Stevens, 53 *N. Y.* 621; Siegel *v.* Gould, 7 *Lansing,* 177; 38 *N. Y.* 212.) The jury have settled the facts, and as no error of law was committed the motion for a new trial must be denied, but without costs.

Affirmed by the marine court general term, and by the common pleas general term.