## BENJAMIN M. DREISBACK v. JOHN V. ROLLINS.

1. REAL-ESTATE AGENT, *When Entitled to Commission.* A broker employed to sell lands, or to find a purchaser for them, who brings and introduces a buyer to the owner, and starts negotiations between them, which result in a sale, is entitled to his commission, although he is not present during the negotiations and until the completion of the sale.

2. CONTRACT — *Obligation, Discharged* — *Commission, Earned.* When a broker produces an acceptable purchaser, in the manner and under the agreement stated, he will not be deprived of his commission because the principal part of the consideration paid for the land by the buyer is other real estate which has been owned by him. When the sale is consummated with such purchaser, at the price asked and upon terms satisfactory to the owner, the broker has discharged the obligation of his contract, and has earned his commission. .

*Error from Brown District Court.*

JOHN V. ROLLINS brought suit against *Benjamin M. Dreisback,* to recover the sum of $100 for commission due to the plaintiff from the defendant for procuring a purchaser for defendant's farm. It is alleged that a verbal agreement was entered into between the parties about the 24th day of December, 1884, under which Rollins agreed to find a purchaser for a farm of two hundred acres situated in Brown county, for which Dreisback was to pay the sum of $100. It is averred that on February 21, 1885, Rollins advertised the farm in the *Brown County World,* and continued the advertisement in that paper until the farm was sold. He further alleges that on the 12th day of December, 1885, he introduced Aaron Hall to the defendant as a purchaser, and the result of their meeting was a sale of the farm to Hall, but that the defendant refused to pay the commission. The answer of the defendant was a general denial, and coupled with it was a tender of $1, to pay the plaintiff for the advertisement of his farm in the *Brown County World.* It is shown that the price placed upon the farm was $6,000, and that on or about December 12, 1885, defendant Dreisback sold and conveyed his

land to Aaron Hall, and Hall in payment for the same transferred other land owned by him, and assumed a $2,000 mortgage on the premises conveyed by Dreisback. At the trial, the court charged the jury that —

"If the defendant placed certain real estate in the hands of the plaintiff, as a real-estate agent, to find him a purchaser, and thereafter plaintiff brought him and his principal into communication, setting on foot negotiations which resulted in a sale, then, notwithstanding the transfer was concluded by the principal, the agent would be entitled to his commission, even though the said principal had placed said real estate in the hands of other agents for sale, and had reserved the right to sell said lands himself. It would not be essential that the agent should be present and participate in the consummation of the sale to be entitled to his commission, unless the terms of the contract between himself and his principal specially provided therefor; but the plaintiff could not recover for a sale in fact made by another agent of defendant."

In answer to special questions submitted by the plaintiff, the jury returned the following findings:

"*Ques. 1:* Did the defendant agree with the plaintiff to pay him one hundred dollars in case he would sell the farm? *Ans.:* Yes.

"Q. 2. Did the defendant agree with the plaintiff to pay him one hundred dollars if he would sell the farm or bring him a purchaser? A. Yes.

"Q. 3. Did the plaintiff find Mr. Hall, the purchaser, on the street, and come with him to the defendant and introduce them, or introduce the subject of their sale or trade of the farms in Hiawatha, Kansas? A. Yes.

"Q. 4. Did Mr. Hall and the defendant go into a store immediately thereafter and talk the matter of the sale over, and agree to meet again, and did they so meet, and was a trade of the farm consummated at such next meeting? A. Yes."

"QUESTIONS SUBMITTED BY DEFENDANT.

"*Ques. 1:* What were the terms of the contract made between plaintiff and defendant? *Ans.:* That the defendant pay to the plaintiff for finding purchaser.

"Q. 2. Was it to sell defendant's farm, or trade it for another? A. Sell.

"Q. 3. Did J. V. Rollins first set on foot negotiations that

resulted in an exchange of farms, or was it Esquire John McGlott?  A.  J. V. Rollins.

"Q. 4.  Did defendant reserve the right to sell his farm himself?  A.  Yes.

"Q. 5.  Did defendant notify plaintiff that he had given the agency to Esquire John McGlott and Frank Pautz at the time plaintiff asked for the agency at defendant's house?  A.  He did.

"Q. 6.  What was the defendant's farm to be sold for?  A.  Six thousand dollars.

"Q. 7.  What was it sold for?  A.  Six thousand dollars.

"Q. 8.  If traded for another farm, what was the consideration?  A.  Six thousand dollars.

"Q. 9.  Was there any money paid for the farm?  A.  No.

"Q. 10.  If there was, how much?  A.  None.

"Q. 11.  Was there any other contract made than the one made at defendant's house by the parties?  A.  No.

"Q. 12.  If there was a subsequent contract, where and when was it made, and what were the terms of it?  A.  Was none.

"Q. 13.  If a subsequent contract was made, were its conditions complied with by plaintiff?  A.  None was made."

A general verdict was returned by the jury in favor of the plaintiff, assessing the amount of his recovery at $106.23, and judgment was given in his favor for that sum.  The defendant brings the case up for review.

*B. F. Killey,* for plaintiff in error.

*W. D. Webb,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The testimony in regard to the terms of the agreement made between the parties is conflicting, but the findings of the jury have disposed of this conflict, and settled the dispute in favor of Rollins; and therefore a discussion of the testimony is needless.  The jury found that the extent of the agreement was that Rollins should procure a purchaser for Dreisback's farm, at the fixed compensation of $100.  In pursuance of this agreement, Rollins caused an advertisement of the land to be published in the *Brown County World* for a considerable time, and subsequently found and introduced a

purchaser to Dreisback, and started the negotiations which resulted in a sale of the premises upon terms satisfactory to Dreisback. The asking price of the farm was $6,000, and this was the amount paid for it by Hall. When Rollins procured and introduced to Dreisback an acceptable purchaser, and set on foot the negotiations between them which resulted in a sale of the farm, he had discharged the obligation of his contract, and was entitled to his commission. The fact that the agent did not remain with. the principal and purchaser after bringing them together, and participate in the negotiations up to the consummation of the sale, will not deprive him of his right to compensation. There was no agreement that the agent should conduct and complete the negotiations; and, under the facts and findings, the instruction complained of stating that the agent was entitled to his commission when he had procured a purchaser, although the owner had placed the property in the hands of other agents for sale and had reserved the right to sell himself, is correct; and there is no objection to the further statement that "it was not essential that the agent should be present and participate in the consummation of the sale, to be entitled to his commission, unless the terms of the contract between himself and his principal specially provided therefor." The fact that the consideration paid for the farm by the purchaser produced was not cash, does not defeat the claim of the agent to the agreed commission. The terms of the sale were that the purchaser should assume and pay a debt of $2,000, which was a mortgage on the Dreisback farm, and the remainder of the consideration was real estate owned by the purchaser. The agreement between the principal and agent did not prescribe how and when the consideration should be paid. A purchaser ready and willing to take the farm at the price asked, was produced and accepted. It belonged to the owner and purchaser to arrange the terms and manner in which the consideration should be paid. It was none the less a purchase and sale because other real estate formed a part of the consideration. The assumption of the $2,000 debt and mortgage was equivalent to a cash payment

of that amount; but whether payment of part of the consideration was deferred, or whether it consists of money, notes or mortgages, or other property, is of no concern to the agent, so long as they are acceptable to the owner. It is enough that the agent produced a purchaser to whom a sale was made for the price asked, and upon terms that were acceptable and satisfactory to the principal; and since the owner has availed himself of the purchaser produced, and has actually consummated a sale, he is liable for the compensation fixed in the agreement. (*Redfield v. Tegg*, 38 N. Y. 212; Fitch's Real Estate Agency, 109.)

We find no error in the ruling of the court, and hence there must be an affirmance of its judgment.

All the Justices concurring.