(24 Misc. Rep. 208.)

## JONES v. FROST.

(Supreme Court, Trial Term, New York County.　July, 1898.)

STOCKBROKERS—RIGHT TO COMMISSIONS.

    A broker, in an attempt to sell stock, brought it to the attention of a prospective vendee, who, without being requested so to do, mentioned to another party that the stock was for sale, and such party thereafter purchased it. Held, that the broker could not recover a commission from the seller, the sale not being a direct result of the agency.

Action by Lewis L. Jones against Newberry H. Frost to recover a commission for the sale of certain stock. Motion to set aside a verdict in favor of defendant. Denied.

Nichols & Bacon, for plaintiff.

Tracy, Boardman & Platt, for defendant.

DUGRO, J. The plaintiff brought certain stock to the attention of McCabe, in an attempt to sell to him. McCabe mentioned the fact that the stock was for sale to Dennison, who thereafter bought it. The plaintiff claims a commission from the seller. It does not appear that McCabe, in calling the attention of Dennison to the stock, acted as an agent of the plaintiff. McCabe's act was not the act of the plaintiff. It was his own act. Had he acted at the request of the plaintiff, it would be otherwise. McCabe's information may have caused Dennison's action, but nothing that the plaintiff did was the procuring cause of McCabe's communication. This communication was not directly connected with any work done in the agency, and so the plaintiff cannot succeed. No agent is entitled to a commission upon any transaction, unless he shows that the transaction is a direct, though not necessarily an immediate, result of his agency. Bowstead, Ag. 152. In Gibson v. Crick, 31 Law J. Exch. 304, it was held that, though an agent may be entitled to be paid for work done by another person, it must be clear that that person was acting as subagent, and the agent must have been the link between the principal and himself. This holding refers to the work of an agent's agent. In Wilkinson v. Martin, 8 Car. & P. 1 (Wright, Prin. & Ag. 160), it was decided that if an agent employed to get a loan introduces the matter to a person who refuses to entertain the idea himself, but nevertheless mentions it to another, and that other person advances the money, and negotiates direct with the principal, the agent is not entitled to commission; and there the chief justice pointed out that "commission was not due merely because in some way or other the loan followed, casually, indirectly, and as a remote consequence. It must appear that the advance was by or through the agency." See, also, Antrobus v. Wickens, 4 Fost. & F. 291. The parties stipulated that after a setting aside of the general verdict a dismissal could follow, as though before the verdict. The motion must be denied.

Motion denied.