William H. Bowers et al., Defendants in Error, v. C. W. Mills, Plaintiff in Error.

## Gen. No. 15,309.

BROKERS AND FACTORS—*when not entitled to commissions.* If there was no direct communication between the broker and the purchaser, such broker is not entitled to commissions unless he shows affirmatively that the purchaser was induced to enter into the negotiations which resulted in the purchase through the means employed by him for that purpose.

Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in this court at the March term, 1909. Reversed. Opinion filed October 6, 1910. Rehearing denied October 20, 1910.

**Statement by the Court.** In December, 1907, defendant left with the plaintiffs, licensed real estate brokers in Chicago, for sale the property No. 4815 Champlain avenue, Chicago. The attention of Fanny Korsak was called to the

property by the advertisement of the plaintiffs and she was shown the property by them. Defendant authorized plaintiffs to sell the property for $9,000, and they offered it to Mrs. Korsak at that price. She appears to have been willing to buy the property at that price provided she could obtain a certain sum of money from her brother. Called as a witness of plaintiffs, she testified that she told the agent of the plaintiffs that if she did not get money from her brother she could not buy the property; that her brother wrote her that he could not raise the money she wanted and she then, "dropped the property and did not think any more about it." And further testified in part as follows: "Q. Now are you the owner of 4815 Champlain avenue? A. I am not now. Q. Who is? A. A daughter of mine. Q. Did you have anything to do with the purchase of that property for your daughter? A. No, sir. Q. Have you anything to do with the property at all? A. No, sir. Q. What is your daughter's name? A. Dorothy." The negotiations between plaintiffs and Fanny Korsak ended during the last week of April. Early in May Dorothy Korsak, the daughter of Fanny Korsak, then twenty years old, received in settlement of an action brought by her against a street railroad company $4,500. She then began negotiations for the purchase of the property with defendant direct, and May 26 entered into a contract with him for the purchase of the property at $9,000. The defendant advertised the property for sale in the Chicago papers. Called as a witness by plaintiffs, Dorothy Korsak testified: "Q. When was your attention first called to 4815 Champlain avenue? A. I was looking over the advertisements for real estate for sale and saw Mr. Mill's ad. and called him up. Q. Did your mother ever mention it to you? A. No, sir. * * * Q. Did you at any time ever hear of the firm of Bowers & Co. in connection with this sale? A. No, sir. Q. You never knew your mother was going to purchase it? A. No, sir. I work all day and if there was any conversation I would not hear it. Q. You were living with them? A. Yes, sir. Q. And you did not know your folks were contemplating buying this property? A. I

only heard a conversation that they were thinking of buying if they could get some money from my uncle."

Plaintiffs had a verdict and judgment thereon for $225, and defendant prosecutes this writ of error.

C. W. MILLS, plaintiff in error, *pro se.*

EDWARD J. KELLEY, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

There was in this case no direct communication between the plaintiffs and the purchaser. To entitle the plaintiffs to commissions the burden was on them to show affirmatively that the purchaser was induced to enter into the negotiations which resulted in the purchase through the means employed by them for that purpose; to prove facts from which the jury might properly find that they were the procuring cause of the purchase of the property by Dorothy Korsak. They brought Fanny Korsak to the defendant as a prospective purchaser of the property. In the course of the negotiations with her Dorothy Korsak learned that her mother was thinking of buying the property if she could get money from her brother. She was unable to procure the money and did not buy the property. Afterwards Dorothy Korsak received $4,500 in settlement of an action brought by her against a street railroad company. She then saw defendant's advertisement, offering the property for sale, entered into direct negotiations with defendant, purchased the property from him and paid the portion of the purchase price which was paid in cash with the money she had received from the railroad company. There is no evidence tending to show that Fanny Korsak was the real purchaser of the property, or that she has or ever had any interest in the property, or that she was at any time the agent either of the plaintiffs or of the purchaser in the negotiations which resulted in the purchase of the property.

Where a broker talked about property which had been placed in his hands for sale to a person, and such person, of his own accord and not acting in behalf of either the broker

or the purchaser, mentioned to another that the property was
for sale and such person looked into the matter and finally
became the purchaser, the agency of the broker in inducing
the sale was not sufficiently direct to entitle him to a com-
mission. Baumgartl v. Hoyne, 54 Ill. App. 496; Gleason v.
Nelson, 162 Mass. 245, 38 N. E. 497; Johnson v. Seidel,
150 Pa. S. 396, 24 Atl. 687; Vandyke v. Walker, 49 Mo.
App. 381; Jones v. Frost, 24 Misc. 208, 53 N. Y. Supp. 573;
Antrobus v. Wickens, 4 Foster & F. 291, 19 C. Y. C. 258,
note 41.

Plaintiffs' right to recover in this case finds no support in
the cases of Lincoln v. McClatchie, 36 Conn. 136, or Wilkin-
son v. Alston, 48 L. J. Q. B. 733, 41 L. T. Rep. N. S. 394.
In Lincoln v. McCatchie the broker advertised the property.
A. was the personal friend of B. and knew that B. wished
to purchase a dwelling house. A. saw the advertisement of
the broker, went to his office and was told that the defendant
had a house for sale and was given the price. A. communi-
cated the information to B., who requested him to examine
the property and report. A. did so and B. purchased the
property from the defendant. It was held that the broker
was the procuring cause of the sale and so was entitled to his
commission. The ground of the decision is that A. acted
for B. in procuring the information. He did not casually
obtain it, but went to the office of the broker to obtain it, and
B. acted on the information when obtained, knowing from
what source it was obtained; that B. adopted the acts of A.,
which was equivalent to a previous request to perform the
acts; that A. received the information in the capacity of a
messenger for B., and that therefore the broker was the pro-
curing cause of the sale as much as would have been the case
if B. had gone in person to the broker and obtained the in-
formation himself.

In Wilkinson v. Alston, plaintiff Wilkinson was em-
ployed by defendant to find a buyer for defendant's ship on
the terms that if he did so he should receive a certain com-
mission. Plaintiff employed White, who mentioned the ship
to Wise, who was the agent of Learoyd. Wise, for Learoyd,

acting on the information he had obtained from White,.purchased the ship from defendant. It was held that Wise being the agent of Learoyd, the introduction of Wise to defendant was the introduction of Learoyd, and information given to Wise was given to Learoyd, and that Wise having acted on information received from plaintiff through White, plaintiff was entitled to his commission.

In both cases the right of recovery is based on the fact that the person to whom the broker gave information was the agent of the purchaser, and therefore the information was given by the broker to the purchaser. In this case, as has been said, Fanny Korsak, to whom the plaintiffs gave the information, was not the agent of her daughter Dorothy, the purchaser.

There is in the record testimony that defendant, after the sale to Dorothy Korsak, promised the plaintiffs to pay them a commission. Defendant testified that he made no such promise. If such promise was made, after the sale, it was without consideration and no action can be maintained upon it.

There is in the record no evidence from which the jury might properly find that the plaintiffs were the procuring cause of the purchase of defendant's property by Dorothy Korsak, and the judgment will therefore be reversed.

*Reversed.*