No. 23,515.

C. N. OWEN, *Appellant*, v. JOHN F. SPANGLER, *Appellee*.

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*When Commission is Earned.* Where a real-estate agent is employed to find a purchaser ready, able and willing to buy on terms acceptable to the seller, it is not required in order to earn his commission that he bring the parties together personally or introduce them, nor is it the law that in order to earn his commission he must procure a binding contract signed by the purchaser.

2. SAME. In this case land had been listed on certain terms for sale. The agent procured a purchaser at terms slightly different and communicated the fact to the owner who, on April 21, telegraphed in reply, "will take offer and vacate May fifth, sooner if possible." He was informed by letter that the terms stated in his telegram were satisfactory to the purchaser, and that there was no need of a written agreement. The purchaser was ready, able and willing to complete the sale; the only reason it fell through was because the defendant insisted upon the purchaser signing a written contract, dated about April 27, providing for possession to be given within thirty days from that date, or sooner if possible. *Held,* that the agent had earned his commission when he brought the parties together upon terms

agreeable to them, and that the seller could not relieve himself from liability to his agent by insisting upon different terms which prevented a sale.

3. SAME—*Verdict for Plaintiff Erroneously Set Aside.* Because, upon the undisputed facts, it is apparent that the court set the verdict aside and granted a new trial on a mistaken view of the law, the judgment is reversed and the cause remanded with directions to enter judgment on the verdict.

Appeal from Lane district court; ALBERT S. FOULKS, judge. Opinion filed June 10, 1922. Reversed.

*R. D. Armstrong,* of Scott City, and *J. E. Mowery,* of Dighton, for the appellant.

*W. H. Russell,* of La Crosse, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to recover a real-estate agent's commission. The court set aside a verdict for the plaintiff and granted a new trial. The plaintiff appeals.

John Spangler owned 320 acres of land in Lane county. He lived at Ness City. He listed the land with the plaintiff for sale at $35 an acre on terms of $4,500 cash, balance in four years at seven per cent interest. There was no dispute about the material facts in the case. The plaintiff's evidence showed that on April 21 he procured one G. L. Cremer to inspect the property and Cremer made an offer to purchase the land. Owen, the plaintiff, communicated this offer to Spangler by telegram which reads:

"Have offer $35 per acre $4,000 cash balance 5 years seven per cent option paying at any time possession May first, improvement silo and tanks included. Wire answer."

On the same day he received a telegram from Spangler as follows:

"Will take offer and vacate May fifth, sooner if possible will write tonight."

Upon receipt of this telegram Owen communicated with Cremer by telephone and read the telegram to him. The terms were satisfactory to Cremer. Two days later plaintiff received word from Spangler wanting to know if the deal was going through, and directing plaintiff to prepare and send a contract and stating that if the contract did not suit him he would prepare a new one. Plaintiff immediately wrote Spangler in substance that he did not think there was any need of a contract as Mr. Cremer was ready to close the deal as soon as the abstract was brought to date and the deed was ready; but said, "However, I am enclosing a couple of contracts if you want to use them." Spangler prepared contracts in duplicate

and sent to plaintiff for Mr. Cremer's signature, but he made a change in the terms he had stated in his telegram. Instead of agreeing to vacate May 5, sooner if possible, the contract provided for possession thirty days from its date. The change was not acceptable to Mr. Cremer, and his testimony is that for that reason he refused to sign the contract. There is no dispute over the fact that he was ready, able and willing to complete the purchase upon the terms stated in Spangler's telegram agreeing to ·vacate May 5, "sooner if possible."

The defense relied upon in this action was that plaintiff never earned his commission because he had not procured a contract signed by Cremer, and also because he had never introduced Cremer to Spangler. The jury returned a verdict in favor of plaintiff and made the following answers to special questions:

"1. Was this land listed by the defendant with the plaintiff for sale? Answer: Yes.

"2. Were the terms upon which the purchaser, Cremer, proposed to buy different from those of the original listing? Answer: Yes.

"3. Did the plaintiff ever bring Cremer, the proposed purchaser, and the defendant together or introduce them to each other? Answer: No.

"4. Did the plaintiff ever procure a contract for the purchase of the land signed by Cremer the proposed purchaser? Answer: No.

"5. Could the plaintiff by the exercise of the utmost diligence have procured such a contract from Cremer, the proposed purchaser before April 29th, 1919? Answer: We don't know.

"6. Was a sale of this land ever consummated between the defendant and Cremer, the proposed purchaser. Answer: No."

The ground upon which the court granted the motion for a new trial is apparent. It was on the mistaken theory that the commission was not earned because Owen did not disclose the name of his customer to Spangler; did not introduce or bring the parties together personally, and did not procure a contract signed by the proposed purchaser. Upon the undisputed facts, we think it was error to set the verdict aside and to grant a new trial. It is not the law that in order for an agent to earn his commission, where he is employed to find a purchaser able and willing to buy on terms acceptable to the seller, he shall bring the parties together personally, or introduce them; nor is it the law that in order to earn his commission he must procure a binding contract signed by the purchaser. This is evident from the fact that his contract is not that he will procure a person who will sign a contract to buy, but one ready, able and

Owen v. Spangler.

willing to purchase on the terms stated or agreed to by the seller. Decisions which refer to the necessity of bringing the parties together have reference to bringing their minds together upon a contract. Physically, the persons may be thousands of miles away from each other. It is not necessary that they ever see one another or communicate otherwise than through the agent.

In this case the land had been listed on certain terms for sale. The agent procured a purchaser at terms slightly different and communicated the fact to Spangler. When Spangler telegraphed to his agent, "Will take offer and vacate May fifth, sooner if possible," he put himself in a position where the agent would be entitled to recover his commission provided the proposed purchaser accepted Spangler's terms. And Spangler could not avoid paying the commission by merely refusing to abide by his proposition and by preparing a written contract with new terms not acceptable to the purchaser. On April 23, the plaintiff wrote the defendant informing him who the purchaser was and that the terms stated in Spangler's telegram were satisfactory. He informed him further that so far as he could see there was no need of a written agreement, but inclosed blanks if Spangler desired to make use of them. In this situation it cannot be doubted that Spangler would have been liable for the commission had the trade fallen through by reason of his sending a contract agreeing to sell only upon condition that the purchaser would pay a thousand dollars more than the offer of April 21. For the same reason it follows that if he changed any other terms of the contract, that is, inserted in the written contract terms different from those already agreed upon, and the purchaser refused for that reason to complete the deal, he would be liable for payment of the commission. The record shows beyond dispute that the only reason the sale was not completed according to the terms of the contract made by telegrams was because the defendant required the purchaser to sign a different contract by which he was to have thirty days, in place of five, in which to surrender possession of the property. Conceding his right to change his mind about the sale and to change the terms upon which he had agreed to sell he could not thereby avoid his obligation to pay to the agent the commission which had already been earned.

It was error to grant a new trial and the judgment is reversed with directions to enter judgment for the plaintiff on the verdict.