WACHTEL ET AL. *v.* HARKLESS.

[No. 16,987. Filed November 10, 1942.]

*Edward H. Knight* and *Harry M. Stitle, Jr.*, both of Indianapolis, for appellant.

*George W. Eggleston* and *Scott Ging*, both of Indianapolis, for appellees.

BEDWELL, J.—In this action the appellee, Arnold A. Harkless, recovered a judgment against appellants, Henry Wachtel, Carl Hart and Earl Hart, for a broker's commission claimed to be due the appellee for the sale of personal property owned by the appellant Henry Wachtel, and used in operating a tavern. There was a trial by the court which made a special finding of the facts and stated conclusions of law thereon.

The only question presented here for determination is the sufficiency of the evidence to sustain the trial court's finding that the appellee caused a purchaser to be introduced to the appellant Henry Wachtel.

On August 20, 1940, the appellee and the appellant Henry Wachtel, entered into a written agreement whereby such appellant promised to pay to the appellee a specified commission for securing a purchaser or introducing, or causing to be introduced, a purchaser for the particular tavern. This written agreement, after describing the tavern and the sale price, proceeded as follows:

"On day of sale, or day of accepting proposition to sell, I, we, or either of us, agree to pay to the order of the Hoosier State Realty and Business Exchange . . ., 10% of the amount of the purchase price agreed upon by the parties or the proposed purchase price up to the first $1,000 (One Thousand Dollars) and 5% for the balance of not less

than $50 on any deal less than $500. For securing a purchaser or introducing or causing to be introduced a purchaser for the above. And I further agree to pay the above commission to the Hoosier State Realty and Business Exchange if I sell or any one else sells my business or property to a purchaser that has been introduced or caused to be introduced by the Hoosier State Realty and Business Exchange; . . . In case of suit for collection of this contract I further agree to pay all attorney fees."

"OWNER—Henry Wachtel."
(Signed)

The appellee Harkless had been engaged in business in the City of Indianapolis for a number of years. He sold restaurants, taverns, and grocery stores, employed salesmen, advertised his business, and sent salesmen to contact persons who might wish to sell or buy such property. After Wachtel had listed his tavern for sale, the appellee advertised the same and took a number of prospective purchasers to examine the same.

In September, 1940, Frank Greenwood, a salesman of appellee, took the appellant Carl Hart, as a prospective purchaser, to the tavern. The owner Wachtel was not there, but the salesman of appellee introduced Carl Hart to the bartender and Carl Hart examined the tavern and informed the salesman that he and his brother had been looking for a place like this. At that time Carl Hart owned two taverns in Indianapolis and he was interested in buying a third. His brother, Earl Hart, had an interest in one of these places, and Carl Hart testified that when he examined the tavern of Wachtel, he was looking for a place for his brother to buy. Thereafter, the appellant Earl Hart, learned from Carl Hart that this particular tavern was for sale. Carl Hart and Earl Hart then contacted the appellant Henry Wachtel, and without the knowledge of appellee

negotiations were concluded and the tavern was sold to Earl Hart. Carl Hart advanced part of the purchase price and certain advertisements were placed in a paper indicating that the place was owned by both Carl Hart and Earl Hart; but the bill of sale was made to Earl Hart and the trial court in its special finding found that the tavern was sold to Earl Hart.

The trial court stated conclusions of law that the appellee was entitled to recover from all of the appellants the commission and attorney fee that were provided for in the foregoing agreement, and judgment was rendered against all of the appellants therefor. But the appellee, in his brief, confesses that this judgment is erroneous in as far as it affects the appellants Carl Hart and Earl Hart, and that no facts are found in the special finding that would justify conclusions of law and a judgment against them. So we will consider only whether the judgment must be affirmed or reversed as to the appellant, Henry Wachtel.

Under the ordinary brokerage contract, the broker must be the efficient or procuring cause of the sale he is employed to negotiate; but in each instance the broker's rights must be determined from the terms of the contract of employment. The appellant Wachtel agreed to pay the specified commission to the appellee if Wachtel sold, or any one else sold, the listed property to a purchaser that had been "intro-, duced," or "caused to be introduced," by the appellee. We think the word "introduced," as used in such agreement, was equivalent to and used in the sense of "found" or "procured." It was not the intention of the parties that appellee's rights to a commission be dependent upon whether the customer was personally taken into the presence of and made known to the seller, but rather upon whether the broker "found" or "procured"

a customer, or caused to be "found" or "procured" a customer, who purchased the property in question from the seller.

In the case of *Platt* v. *Johr* (1893), 9 Ind. App. 58, 60, 61, 36 N. E. 294, this court considers a broker's contract where the owner of a livery stable agreed to pay the broker the sum of $100 if he would find and introduce to the owner a purchaser for his livery stable, ready and willing to buy the same. In the course of his opinion, Judge Reinhard says:

> "The language employed in the contract is not capable of a narrower construction than that given to other and different terms ordinarily used in the making of this class of agreements. Whether a broker is to 'introduce' a purchaser, or to 'find' or 'procure' one, or whether he is to do all of these things combined, his duties remain practically the same. The words 'find,' 'procure,' 'introduce,' are generally used synonymously in the making of such contracts, and, whether used conjunctively or disjunctively, the essential thing they require the broker to do is to secure a customer who is or will become a purchaser. The logical result of this rule is that the sale must be traced to the introduction of the purchaser to the owner by the agent. Of course, if, after such introduction and as a proximate result thereof, the owner makes the sale himself, either personally or by another agent, it will not exonerate such owner from the payment of commission to the agent who has initiated the negotiations. But if the causal connection between the introducing agent and the procurement of the sale be broken, the first agent is not entitled to any commission."

Under the agreement here involved, the appellee was employed simply "to introduce" or "cause to be introduced" a purchaser. The appellee was not required to go farther and conduct negotiations for the sale. If a sale was concluded by the

owner with a customer which the appellee either introduced or caused to be introduced to the owner, then the appellee was entitled to recover the specified commission. The trial court, from the evidence, determined that the appellee by his acts under the contract caused Earl Hart to be introduced to Wachtel. We cannot say that there is no evidence justifying such a finding. If appellee had not listed Wachtel's tavern for sale and had not taken Carl Hart as a prospective purchaser on behalf of himself and his brother, Earl Hart, to view the same, there is no reason to believe that Earl Hart would have become a purchaser thereof. From the evidence the trial court could properly determine that the efforts and actions of appellee were the efficient cause of procuring a purchaser of the property.

In the case of *Bowers* v. *Mills* (1910), 157 Ill. App. 171, cited by appellants, where the question involved was the right of a broker to recover a commission, and there was no evidence of any direct communication between the broker and the purchaser, the court says at p. 173:

> "Where a broker talked about property which had been placed in his hands for sale to a person, and such person, of his own accord and not acting in behalf of either the broker or the purchaser, mentioned to another that the property was for sale and such person looked into the matter and finally become the purchaser, the agency of the broker in inducing the sale was not sufficiently direct to entitle him to a commission."

In the case of *Low* v. *Paddock* (1920), Mo. App., 220 S. W. 969, the court distinguishes between the acts of a broker which were "instrumental" in making a sale of property, and acts which were the procuring or inducing cause of sale. But in the case for determination, under the terms of the contract here involved, the broker

was not required to make a sale. He was required to introduce, or cause to be introduced, a purchaser to whom a sale was made, and where, as here, no question exists about the consummation of a sale, our inquiry is whether there was evidence that the broker introduced or caused to be introduced the actual purchaser.

This case is also distinguishable from *Bowers* v. *Mills*, *supra*, for here Carl Hart, when he was taken by appellee to view the tavern, was acting on behalf of himself and his brother, Earl Hart, and he made known to Earl Hart the facts about the tavern that he learned through the acts of appellee. Earl Hart was not acquainted with Wachtel or appellee and there is no evidence that he would have become a purchaser of the tavern without the efforts of appellee.

To entitle a broker to a commission on a transaction entered into between the principal and a customer found by the broker, but from whom the broker has not taken a binding contract, it is necessary and sufficient that the broker shall have been the means of bringing the parties together. *Johnstone* v. *Cochrane* (1919), 231 Mass. 472, 121 N. E. 529; *Carey* v. *Conn* (1923), 107 Ohio St. 113, 140 N. E. 643; *Fisher* v. *Hanson* (1923), 99 Conn. 703, 122 A. 906.

The foregoing rule does not mean that the customer found by the broker shall be brought bodily into the presence of the principal, or that they shall meet literally face to face, or that the broker shall personally introduce them; it is sufficient that, through the efforts of the broker, the parties are brought into communication with each other. *Umphray* v. *Hufschmidt* (1925), 73 Cal. App. 140, 238 P. 749; *Owen* v. *Spangler* (1922), 111 Kan. 484, 207 P. 772; *Slusher* v. *Moore* (1924), 202 Ky. 13, 258 S. W. 946; 12 C. J. S., Brokers, § 91, p. 212.

We hold that the evidence was sufficient to justify the trial court in finding that appellee caused a purchaser to be introduced to the appellant Wachtel, and the judgment is affirmed as against the appellant Henry Wachtel, but reversed as to the appellants Carl Hart and Earl Hart, and the trial court is directed to restate its conclusions of law and to render judgment accordingly.

NOTE.—Reported in 44 N. E. (2d) 510.