Nos. 37,678, 37,679 and 37,680 Consolidated

No. 37,678

P. K. KACHAVOS, *Appellant,* v. MILL OWNERS MUTUAL FIRE INSURANCE COMPANY OF IOWA, an Insurance Corporation, *Appellee.*

No. 37,679

P. K. KACHAVOS, *Appellant,* v. SECURITY INSURANCE COMPANY OF NEW HAVEN, CONNECTICUT, an Insurance Corporation, *Appellee.*

No. 37,680

P. K. KACHAVOS, *Appellant,* v. FIRE ASSOCIATION OF PHILADELPHIA, an Insurance Corporation, *Appellee.*

(215 P. 2d 155)

Opinion filed February 28, 1950.

*H. W. Harper* and *Lee Hornbaker,* both of Junction City, argued the cause, and were on the briefs for the appellant.

*C. L. Hoover,* of Junction City, argued the cause, and *R. A. Schermerhorn* and *C. F. Hall,* also of Junction City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ARN, J.: Three actions were instituted in the district court by the owner of a building in Junction City to recover under three contracts of fire insurance for damage to his building. There was a separate contract of insurance with each insurance company and the three actions were consolidated for trial in the district court. The only issue was the extent of damage to the building and the jury verdict was for plaintiff. Defendants moved for a new trial which the trial court sustained. Plaintiff appealed from the rulings of the trial court (1) overruling plaintiff's demurrer to defendants' evidence; (2) overruling plaintiff's motion for an order to correct the special findings of the jury and render judgment in accordance with those corrected findings; and (3) granting defendants a new trial.

The demurrer to defendants' evidence was overruled on November 17, 1948, and appealed from on February 9, 1949—84 days later. As to the time for appeal from such a ruling, section 60-3314a does not apply because there was no final judgment. The applicable statute is G. S. 1947 Supp., 60-3309, which provides that the appeal must be perfected within two months from the date of the ruling appealed from. The appeal from plaintiff's demurrer to defendants' evidence was not taken within time and cannot be considered for review here.

Plaintiff's appeal from the trial court's ruling on his motion for an order correcting the special findings and for judgment in accordance therewith was timely, but of no consequence if there was no error in granting the new trial. If a new trial is properly granted, both the general and special verdicts are set aside and any ruling on the motion to correct the special findings becomes moot.

The only question presented by this appeal, therefore, is whether the trial court abused its discretion and committed error in setting aside the jury's verdict and ordering a new trial. We have so often said that the trial court not only has the authority but the duty to

grant a new trial when dissatisfied with the verdict. In this case, the trial court, in a somewhat lengthy memorandum opinion, found fault generally with the general and special verdicts of the jury, set them aside and granted a new trial. No other conclusion can be drawn from the trial court's opinion except that the trial judge was dissatisfied with the result of the trial. When that is the case, there is no alternative but to grant a new trial. Appellant argues here that "the trial court in effect found there was a fair trial" and granted a new trial because the special findings required it. But we cannot so interpret the trial court's ruling. In addition to the aforesaid memorandum opinion, the journal entry signed by the court (but not approved by plaintiff's counsel) recited:

". . . and that defendants' Motion for a New Trial should be sustained in that the verdict of the Jury was given under the influence of passion and prejudice; that said Verdict and the Special Findings are in whole or in part contrary to the evidence, *and the Court is not satisfied with said Findings and General Verdict.*" (Emphasis supplied.)

In *Bateman v. Roller,* 168 Kan. 111, 211 P. 2d 440, this subject was treated at length and many earlier cases assembled. It is too well settled for further labor, that a trial court should not render a judgment upon a verdict which it cannot approve. We can ascertain no apparent abuse of discretion and we are not at liberty to presume any error in the granting of the new trial.

The judgment is affirmed.