No. 38,744

E. H. Krehbiel, *Appellee*, v. L. W. Milford, *Appellant*.

(250 P. 2d 769)

Opinion filed December 6, 1952.

E. C. Minner and Harry A. Waite, both of Dodge City, and C. E. Vance, Clifford R. Hope, A. M. Fleming and Bertram J. Vance, all of Garden City, were on the briefs for the appellant.

*Daniel R. Hopkins,* of Garden City, argued the cause and *Logan N. Green* and *Roland H. Tate,* both of Garden City, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

Smith, J.: This was an action to collect a commission for the sale of real estate. The defendant has appealed from the trial court's order overruling his demurrer to plaintiff's evidence. At the conclusion of the trial plaintiff asked for a new trial on the issue of damages only. The trial court on its own motion allowed a new trial generally. The plaintiff has cross-appealed from that ruling.

This case has been here before. (See *Krehbiel v. Milford,* 171 Kan. 302, 232 P. 2d 229.) In that case there had been a judgment for plaintiff. We reversed and ordered a new trial because we held the plaintiff had failed to show he had procured a purchaser ready, willing and able to purchase the real estate in question on the terms of the listing and had notified the owner prior to his sale of the real estate to another purchaser.

The petition alleged that defendant employed plaintiff to sell the real estate for $48,000 and the commission was to be five percent of the sale price; that plaintiff accepted the employment and through his employee performed the contract by obtaining a purchaser at the agreed price and plaintiff through his employee orally advised defendant that a purchaser had been procured at the agreed price; that defendant orally agreed to sell the property to the purchaser found by plaintiff and defendant refused to meet with plaintiff or his agent or to meet with the purchaser and still failed and refused to sell to the purchaser obtained by plaintiff and the purchaser was ready, willing and able to consummate the sale on the 14th day of January, 1950, and was still ready, willing and able to consummate it on January 16, 1950, but defendant refused to transfer the property to the purchaser.

The petition then alleged that by reason of the procurement of a purchaser for the property in performance of the contract, plaintiff was entitled to five percent of the list price of the land or $2,400 and five percent of the sale price was the usual and customary commission charged by real estate brokers in Finney county and was a reasonable commission.

Judgment was prayed for in that amount.

The answer alleged that about October 1, 1949, defendant employed plaintiff to sell the land for $48,000. The answer denied that

defendant agreed to pay plaintiff a commission of five percent of the sale price or that five percent was the usual and customary commission paid for the sale of real estate in the vicinity. The answer denied that plaintiff ever sold the land upon the terms of the employment and denied that plaintiff's purchaser was at any time ready, willing and able to purchase it upon the terms of the listing and denied that he was ever at any time prior to the sale of the land to another purchaser informed by the purchaser or anyone else that the purchaser was ready, willing and able to purchase the land at the listed price.

The answer further alleged at all times since October 1, 1949, he had the land listed with other real estate brokers for $48,000 and on January 16, 1950, he did through the services of another real estate broker sell the land and paid the other broker $1,450 for his services, the usual and customary commission, and upon that sale the right of plaintiff to sell the land terminated.

The prayer of the answer was that plaintiff take nothing.

The reply was a general denial.

But little would be added to this opinion by detailing all the evidence set out in the former opinion. We held in the first case that plaintiff had not shown by sufficient evidence that he had secured a purchaser ready, willing and able to purchase the property on the terms of the listing. At that trial the plaintiff did not produce the purchaser his agent procured. The purchaser was present and testified at this trial.

There was no dispute about the listing nor about the employee of plaintiff negotiating with the purchaser in question. The defendant conceded that the proposed purchaser was financially able to purchase the land. This purchaser also testified that on the day the land was sold to the other parties she was ready to buy the land for $48,000.

The defendant argues there was no substantial evidence that defendant was notified before he sold the land to the other parties that plaintiff had a purchaser who was ready, willing and able to purchase at the listed price.

To substantiate this he points out that while the employee of plaintiff did tell defendant on Sunday before he sold the land the following Monday, that the proposed purchaser was going to purchase the land, at that time she did not know such to be a fact. He argues that the agent in his conversation simply "overstated the

facts." He argues at this time the purchaser still wanted to fly over the land; that she had not told the agent she was ready to buy. On this point the proposed purchaser herself testified that she was ready to purchase and had an appointment with defendant to close the deal when he sold to another party. The defendant himself did not deny this.

We have examined this record and concluded there was substantial evidence that the purchaser had told the agent of plaintiff enough so that the trial court was warranted in submitting to the jury the question whether the agent had secured a purchaser ready, willing and able to purchase the land at the listed price and had so notified defendant. (See *White v. Turner*, 164 Kan. 659, 192 P. 2d 200; *Owen v. Spangler*, 111 Kan. 484, 207 Pac. 772; also *Young v. Newbold*, 119 Kan. 394, 239 Pac. 1106.)

Now as to the cross-appeal. The jury found for the plaintiff and fixed the amount of his recovery at $450. Plaintiff had sued for $2,400. Plaintiff had testified that five percent was the usual commission. This would have fixed the rate of recovery at $2,400. There was testimony for defendant that the usual and customary rate was five percent on the first $10,000 and two and one-half percent on the balance. That would make the amount of recovery $1,450. There was also evidence from which the jury could have returned a verdict for $1,575. There was no evidence upon which to base a verdict of $475.

The defendant filed a motion for judgment notwithstanding the verdict and for a new trial, and plaintiff filed a motion for a new trial on the question of damages only. Subsequently defendant on his own motion was permitted to withdraw his motion for a new trial. The trial court overruled defendant's motion for judgment notwithstanding the verdict and overruled plaintiff's motion for a new trial on the question of damages only. The trial court then on its own motion granted a new trial on all the issues. No reason for such an order was given by the court.

The plaintiff cites G. S. 1949, 60-3004. That section provides in part as follows:

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part, and the new trial shall be only of the issues as to which the verdict or decision appears to be wrong, when such issues are separable,"

Cases are cited where we have ordered a new trial on the question of damages only.

We have held many times that it is within the discretion of the trial court to grant a new trial. It is the duty of the trial court to grant such a new trial when for any reason the court is not satisfied the trial has been a fair one. Such an order will not be disturbed by us where the trial court has not assigned some particular law point upon which the new trial was ordered. (See *Lord v. Hercules Powder Co.,* 161 Kan. 268, 167 P. 2d 299; *Myers v. Wright,* 167 Kan. 728, 208 P. 2d 589; *Bateman v. Roller,* 168 Kan. 111, 211 P. 2d 440; *Fralick v. Kansas City Public Ser. Co.,* 168 Kan. 134, 211 P. 2d 443; and *Kachavos v. Mill Owners Mutual Fire Ins. Co.,* 168 Kan. 589, 215 P. 2d 155.)

The judgment of the trial court upon the appeal is affirmed and upon the cross-appeal is affirmed.