No. 44,838

ROBERT LEE MARTIN, *Appellee*, v. EDNA WEIDMAN, *Appellant*.

(433 P. 2d 459)

Opinion filed November 13, 1967.

*Jack R. Euler*, of Troy, argued the cause, and *J. D. Euler*, of Troy, was with him on the brief for the appellant.

*G. T. Van Bebber*, of Troy, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This is an action by a real estate agent to recover from the landowner a real estate commission arising out of the sale of a farm.

The jury returned a verdict in favor of plaintiff for $640.00—the amount sued for. The verdict was approved and judgment was entered accordingly.

Defendant real estate owner has appealed, and although variously stated—her real contention is that the record contains no substantial competent evidence to support the verdict.

The province of this court, therefore, is not to search the record for evidence which, if believed, would have compelled a contrary result. Our duty is to ascertain if there is any substantial competent

evidence to support the verdict—and if there is—then matters pertaining to the facts are laid at rest and are conclusive on appeal. *Curry v. Stewart,* 189 Kan. 153, 155, 368 P. 2d 297.

Highly summarized—plaintiff's evidence was substantially as follows:

Plaintiff, who held a Kansas real estate license, lived in Brown county. Defendant, Edna Weidman, lived in St. Joseph, Missouri, and owned a farm in Doniphan county. About the first of May, 1964, plaintiff went to defendant's home to discuss the listing of her farm with him. They entered into an oral agreement whereby defendant listed the farm with plaintiff for an agreed commission of 2 percent. Following this, plaintiff made efforts to sell the farm and advertised it in the Highland newspaper. On or about October 20, 1964, plaintiff contacted Theodore Sinker and inquired if he would be interested in buying the farm. Sinker replied in the affirmative, and on the next day plaintiff went to Sinker's home to see him about it. Sinker was not at home, and on the following day plaintiff returned and they discussed the matter. Plaintiff advised Sinker that the selling price was $34,000.00, but the most Sinker offered was $32,000.00.

About a week after his negotiations with Sinker, plaintiff contacted defendant and told her of Sinker's offer. She agreed to meet plaintiff on the following Monday at the bank in Highland. At this meeting she advised plaintiff that she was undecided about selling the farm and that Sinker's offer of $32,000.00 was not enough.

Several days later plaintiff received a letter from defendant in which she stated that she was taking the farm off the market. Shortly thereafter plaintiff learned that defendant and Sinker had entered into their own negotiations and that she had sold the farm to him for the sum of $32,000.00.

It is quite true that defendant's evidence was in many respects contrary to what has been related, and placed a different version on just what transpired in the negotiations and dealings leading up to the sale of this farm. In passing, it is noted, however, that defendant testified that under her agreement with Sinker for the sale and purchase of the farm he was to pay all of the expenses, such as abstracting, and that—

"Mr. Sinker would have to pay the real estate commission if one is due."

Be that as it may—with appellate review limited to the question whether there is any substantial competent evidence to support the

verdict—a consideration or recital of defendant's evidence which contradicted that of plaintiff would serve no purpose (*Bruington v. Wagoner*, 100 Kan. 439, Syl. 2, 164 Pac. 1057).

With respect to real estate commissions, the parties concede the rule to be as stated in the recent case of *Hiniger v. Judy*, 194 Kan. 155, Syl. 1, 398 P. 2d 305, in which it was said that where a real estate broker is employed to find a purchaser for land, the general rule is that he is entitled to a commission if he produces a buyer who is ready, willing and able to purchase upon the proffered terms or upon terms acceptable to the principal, and if he is the efficient and procuring cause of a consummated deal.

As pointed out by plaintiff, there are various aspects of the rule—when and as applied to the circumstances of a given case. By way of illustration, see *Dreisback v. Rollins*, 39 Kan. 268, 18 Pac. 187; *Marlatt v. Elliott*, 69 Kan. 477, 77 Pac. 104; *Grimes v. Emery*, 92 Kan. 911, 141 Pac. 1002, and *DeYoung v. Reiling*, 165 Kan. 721, 199 P. 2d 492, all of which were discussed in *Hiniger v. Judy*, above. Also see *Collopy v. Field*, 127 Kan. 68, Syl. 2, 272 Pac. 99.

What was said and held in the foregoing cases was summarized in this instruction to the jury:

"A real estate agent employed to sell land has earned and is entitled to his commission when he has procured a purchaser who is ready, willing and able to buy the land at the agreed price which the owner agrees to take, then the land owner is not relieved of the obligation to pay the commission if the owner finally closes the deal or sells the land at a price less than that which she gave the real estate agent, provided that the efforts of the real estate agent were the proximate, predominating and procuring cause of the sale and if the sale is made to the purchaser procured by the real estate agent. It is not necessary that the real estate agent should actually close the deal or be present when the contract or other papers are signed if the sale was made through his efforts. In any case before the real estate agent is entitled to his commission, his efforts must be the proximate, predominating and procuring cause of the sale without which the sale would not have been made. Then in this case if you find from a preponderance of the evidence that the plaintiff performed the acts as set out above then he would be entitled to recover the sum of $640.00 as his commission. If you do not so find then your verdict should be for the defendant."

Defendant concedes the instruction is a correct statement of the law—but contends there simply is no evidence to establish that plaintiff produced a buyer who was ready, willing and able to purchase upon the proffered terms or upon terms acceptable to defendant, and that he was the efficient and procuring cause of the consummated deal.

The contention cannot be sustained. There was evidence that plaintiff was the procuring cause of negotiations being carried forward between defendant and Sinker. It was plaintiff who produced the ultimate purchaser, and there appears to have been no new or intervening cause. From all of the circumstances the jury was entitled to draw the inference that the subsequent dealings between defendant and Sinker were an attempt to avoid payment of a commission.

In an opinion on rehearing of the *Grimes* case, above, found at *Grimes v. Emery,* 94 Kan. 701, Syl. 1, 146 Pac. 1135, it was held that the question whether a real estate agent is the procuring cause of the sale of a farm is one of fact to be determined by the jury in the light of all the circumstances leading up to the final negotiations between the vendor and purchaser.

We find no error in the record, and the judgment is affirmed.