No. 46,118

C. L. Holloway, d/b/a C. L. Holloway Real Estate Co., *Appellee*, v. W. E. Forshee, *Appellant*.

(491 P. 2d 556)

Opinion filed December 11, 1971.

*Myrlen L. Bell,* of Wichita, argued the cause and was on the brief for the appellant.

*Ernest McRae,* of the firm of McRae and Early, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an action by a real estate broker to recover a commission for the sale of a residence. The case was tried to the court and judgment was rendered for plaintiff in the sum of $3,300.00, the amount of the commission claimed.

Defendant owner has appealed charging primarily that plaintiff did not put defendant seller and the purchaser in communication

with each other, and thus the court erred in finding plaintiff to be the procuring cause of the sale.

On February 7, 1969, plaintiff Holloway solicited and obtained from the defendant an "open" listing for the sale of a residence located at 562 Wetmore Court, Wichita.

The listing was in the form of an oral contract providing for a commission of six percent of the sale price listed at $55,000.00.

On May 17, 1969, Elaine Sparks, a real estate agent employed by plaintiff, showed the property to Mr. and Mrs. Lorris V. Bell and discussed the price and loan balance with them. The Bells indicated interest in buying the property, but did not make an offer. Mrs. Sparks also told the Bells that Mr. Forshee, the owner, lived next door and that the house in which he lived was also for sale. Two days later, on Monday, May 19, Mrs. Sparks called the Mid Kansas Federal Savings and Loan to check on the existing mortgage of the subject property and also to inquire concerning financing and interest rates. The next day Mrs. Sparks telephoned the Bells and inquired of Mrs. Bell if she could help with the financing. Mrs. Bell informed Mrs. Sparks that Mr. Bell was already checking into financing. Mrs. Sparks testified she had shown the property to other people and she believed Mr. Forshee was aware that she had shown the property.

On May 23, 1969, Mrs. Sparks learned the property had been sold; she and plaintiff Holloway confronted Forshee who informed them that he had sold the house to Bell and that Bell had not disclosed that he had been shown the house by Mrs. Sparks. Mrs. Sparks, Holloway and Forshee then proceeded to the Bell home; when confronted by them, Mr. Bell admitted that Mrs. Sparks had shown the property to him and Mrs. Bell.

Thereafter, plaintiff filed his petition initiating this lawsuit. Defendant answered by alleging that plaintiff did not produce Bell as a ready, willing and able buyer, and that if plaintiff did, he was not the procuring cause of the sale being consummated. Defendant further alleged as an affirmative defense that neither plaintiff nor his agent notified defendant that they had procured Bell as a buyer and such lack of notification constituted negligence on the part of plaintiff.

Defendant also filed a third party complaint against Bell alleging fraud and misrepresentation and praying for judgment in the amount of any judgment recovered by plaintiff against the defendant and

for punitive damages in the amount of $10,000.00. The third party complaint was voluntarily dismissed by plaintiff before the trial. We were informed by defendant's counsel on oral argument that an arrangement had been arrived at between Forshee and Bell which resulted in the dismissal of the third party complaint. Counsel who had represented Bell as third party defendant now represents defendant Forshee on appeal.

After hearing the evidence of both parties, the trial court found that plaintiff was the efficient and procuring cause of the sale. The trial court further found that under all of the circumstances and, in particular, the brief period of time intervening between the showing of the house by Mrs. Sparks and the purchase thereof by Bell, it could not be said that plaintiff was guilty of negligence, as a matter of law, in failing to notify defendant of the showing to Bells.

Defendant's first two points on appeal are based upon the claim that plaintiff did not put Forshee and the Bells in communication with each other. Defendant says that a broker cannot be the procuring cause of a sale nor be said to have produced an able and willing purchaser unless he has put the seller and buyer in communication with each other.

Defendant cites the general rule stated in our holding in *Hiniger v. Judy,* 194 Kan. 155, 398 P. 2d 305, which reads:

"Where a real estate broker is employed to find a purchaser for land, the general rule is that he is entitled to a commission if ( *a* ) he produces a buyer who is able, ready and willing to purchase upon the proffered terms or upon terms acceptable to the principal; ( *b* ) he is the efficient and procuring cause of a consummated deal." ( Syl. ¶ 1.)

The rule quoted is the well-established law of this jurisdiction but it does not support defendant's position here. We stated in *Hiniger:*

". . . [T]he appellate question is whether there is any evidence to sustain a finding that the efforts of the real estate broker were the procuring cause of the sale." (p. 156.)

It is in this perspective that we must consider the instant appeal.

There is evidence that Mrs. Sparks, the employee of plaintiff, introduced the Bells to the particular residential area for the first time, showed them the residence in question for the first time, established the price, discussed mortgage money and interest rates, identified the owner and pointed out his place of residence. Within

two days after he was shown the house by Mrs. Sparks, Bell contacted Forshee and within six days he had purchased the house and moved in. It is true that Mrs. Sparks did not introduce Bell and Forshee face to face, but she did identify Forshee as the owner and made his whereabouts known to Bell. It is not necessary that a broker bring the parties together face to face. In *Owen v. Spangler,* 111 Kan. 484, 207 Pac. 772, we held:

"Where a real-estate agent is employed to find a purchaser ready, able and willing to buy on terms acceptable to the seller, it is not required in order to earn his commission that he bring *the parties together personally or introduce them,* nor is it the law that in order to earn his commission he must procure a binding contract signed by the purchaser." (Syl. ¶ 1.) (Emphasis supplied.)

Even though the broker's contract here was an "open" listing, if plaintiff were otherwise entitled to a commission, the defendant could not defeat that right by closing the deal himself. In the recent case of *Martin v. Weidman,* 199 Kan. 716, 433 P. 2d 459, it was held:

"If a real estate broker is otherwise entitled to a commission, the principal cannot defeat that right by closing the deal himself." (Syl. ¶ 2.)

We believe the actions of Mrs. Sparks constitute ample evidence to support the findings of the trial court.

Defendant next contends the trial court erred in not finding plaintiff guilty of negligence, as a matter of law, in failing to notify defendant that Bell was a prospect prior to the sale.

On this point the trial court commented:

"I would also comment that in light of your argument I think there was hardly time in this instance for them to communicate anything to Mr. Forshee, because Mr. Bell was in contact with him almost immediately after having been shown the property, at least, according to the testimony, within a couple of days, and even while the broker in this instance, the plaintiff, was still gathering financing information to transmit to the prospective purchaser, Mr. Bell."

The court further found:

"I think that there is no negligence as you contend due to extremely short period of time between the time that they were shown the house by the broker and the time that the prospective purchaser, himself, contacted the seller."

Whether a broker was the procuring cause of a purchase is ordinarily a question of fact and must be determined in the light of all the facts and circumstances leading up to and including any final negotiations between the vendor and purchaser. (*Martin v. Weidman,* supra; *Hiniger v. Judy,* supra; *Patee v. Moody,* 166 Kan. 198, 199 P. 2d 798; *DeYoung v. Reiling,* 165 Kan. 721, 199 P. 2d 492; and

*Grimes v. Emery,* 92 Kan. 911, 141 Pac. 1002.) Likewise, any issue concerning negligence on the part of the broker is to be determined by the trier of facts.

In *Grimes v. Emery,* 94 Kan. 701, 146 Pac. 1135 (opinion on rehearing) the identical issue was before this court. There the broker, as in the instant case, failed to notify the vendor that the property had been shown to the prospect who ultimately purchased the property directly from the vendor. In closing the deal with the vendor, as in this case, the purchaser denied that he had been shown the farm by the plaintiff broker. In the opinion the court noted that the controversy might have been avoided if the broker had telephoned the vendor; nevertheless, the court held that under all the circumstances the question whether the broker was the procuring cause of the sale was properly a jury question and it was not error to overrule defendant's demurrer to the evidence. In a dissenting opinion it was argued that the jury should have been more specifically instructed on the question whether the broker unjustifiably concealed the fact that the ultimate purchaser was his customer. In the instant case, the trial court recognized and dealt with the claimed negligence on the part of plaintiff. There is no evidence of overt misconduct or unjustifiable concealment on the part of plaintiff in the case at bar. Bell admitted that he contacted Forshee on the Monday following the Friday on which he was shown the property by Mrs. Sparks, and that when Mrs. Sparks called him on Tuesday or Wednesday he told her he was not interested in the property, although he was at the time completing negotiations with Forshee. It should also be noted that when Mrs. Sparks and plaintiff learned of the sale they immediately notified defendant, on the same day the sale was consummated, that Bell was their customer. Under such circumstances, it cannot be said the trial court erred in finding no negligence on the part of plaintiff in failing to notify defendant of the showing to Bell.

We have examined other points raised by defendant and find no merit therein.

The judgment is affirmed.

O'Connor and Prager, JJ., not participating.