Sanders v. Wakefield.

---

## B. C. SANDERS v. GEORGE W. WAKEFIELD.

1. NEW TRIAL — *Order Granting* — *Review.* The granting of a new trial is so much in the discretion of the trial court, that the supreme court will not reverse the order of the trial court granting a new trial, unless error is clearly established with respect to some pure, simple and unmixed question of law. (*Brown v. Railroad Co.*, 29 Kas. 186; *City of Sedan v. Church*, 29 id. 190.)

2. WITNESS — *Examination* — *Use of Memoranda.* A witness who makes, or is concerned in making, written receipts and other memoranda of events at the time of their occurrences, is permitted to refer, when under examination, to such receipts and memoranda in order to refresh his memory.

3. ANSWER — *Amendment at Second Trial, Refused* — *No Error.* An action was begun on the 27th day of August, 1883, to recover upon a promissory note, and foreclose a mortgage given to secure the same. The case was pending over three years; the defendant filed an answer, and subsequently, with leave of the court, filed three amended answers — the last answer alleging as his sole defense the five-years statute of

limitations. The money for which the note and mortgage were given was obtained by the defendant from one Clark, the agent of the plaintiff, who at the time of the last trial was dead. After one trial of the case, the defendant asked leave to amend his answer on the second trial, by setting forth certain payments claimed by him to have been made to Clark upon the note. *Held,* That the district court committed no error in refusing to allow the amendment, it appearing that the application therefor was made at so late a time in the proceedings, and under such circumstances, as the allowance thereof would not have been in furtherance of justice.

*Error from Cloud District Court.*

ACTION upon a note, and a mortgage given to secure its payment. The facts are substantially stated in the opinion. The defendant *Sanders* brings the case here.

*L. J. Crans,* for plaintiff in error.

*Sturges, Kennett & Peck,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case, so far as they are necessary to be considered, are substantially as follows: On the 14th day of October, 1873, Bazil C. Sanders executed to George Clark his promissory note for $802.50, payable one year after date; George Clark was the agent of George W. Wakefield, who resided in Ohio, and loaned the money to Sanders for Wakefield; Clark indorsed and transferred the note to Wakefield. At the time of the execution of the note, in order to secure the payment of the same, Sanders executed to Clark his mortgage upon certain real estate in Cloud county. On August 27, 1883, Wakefield commenced this action to recover upon the promissory note, and also to foreclose the mortgage. In his petition, he alleged that Sanders paid $5 upon the note on August 28, 1878. On the 19th day of September, 1883, Sanders filed an answer containing, first, a general denial; second, a plea of the statute of limitations. On the 4th of November, 1885, Sanders, with leave of the court, filed his third amended answer, which was verified. This admitted the execution of the promissory note and mortgage sued on;

but set up as the only defense, the five-years statute of limitations. Trial had on the 2d day of March, 1886, by the court without a jury. Upon the trial, but one question of fact was in issue: that is, was the sum of $5, which was indorsed on the note, paid on August 28, 1878, as alleged by Wakefield, or on August 23, as claimed by Sanders? After hearing the evidence and the arguments of counsel, the court rendered judgment for Sanders. A motion for a new trial was filed, and the case continued for hearing to August 20, 1886. Upon that day the court sustained the motion, granted a new trial, and continued the case until the next term. On the 4th of November, 1886, the case was tried before the court with a jury. During the trial, Wakefield asked leave of the court to amend his answer so as to show more specifically the payments claimed by him to have been made upon the note in controversy. This motion was denied. The jury made and returned the following special findings of fact:

"Did B. C. Sanders let J. M. Tibbitts (the agent and attorney of Geo. W. Wakefield) have five dollars during the month of August, 1878? *Ans.:* Yes.

"On what day of August, 1878, did B. C. Sanders let J. M. Tibbitts have five dollars, if ever? A. On the 28th day of August, 1878.

"If B. C. Sanders let J. M. Tibbitts have five dollars in August, 1878, when he let him have the money, was it intended by Sanders at that time as an absolute payment on the note in suit, or as an accommodation to Tibbitts? A. Absolute payment."

The jury also returned a general verdict for $2,049.35. Subsequently the court rendered judgment in favor of Wakefield against Sanders for the amount sued for, and also for a foreclosure and sale of the mortgaged premises. Sanders excepted, and brings the case here.

I. The first error complained of is, the action of the court in allowing a new trial on August 20, 1886. This court will not reverse an order of the district court granting a new trial, unless it can say beyond all reasonable doubt that the trial court has manifestly or materially erred with respect to some

pure, simple, and unmixed question of law; and that, except for such error, the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made. (*City of Sedan v. Church*, 29 Kas. 190; *Brown v. Railroad Co.*, 29 id. 186, and authorities cited.) The motion for a new trial contained about all of the statutory grounds; and the court, in sustaining the motion, did not state for what particular reason the motion was granted. We cannot, therefore, say that the district court erred with reference "to some pure, simple, and unmixed question of law." Even if the affidavits presented in support of the motion for a new trial were somewhat irregular, indefinite, and failed to show diligence, as is claimed, yet, as the case was tried on the 2d day of March, 1886, by the court, without any jury, and as trial courts are vested with very large and extended discretion in the granting of new trials, and as it does not appear that the trial court acted solely upon the affidavits presented, the exceptions taken to them are immaterial. New trials ought always to be granted whenever, in the opinion of the trial court, the party asking for a new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice. (*City of Sedan v. Church*, supra.)

II. The next alleged error occurred at the trial on the 4th of November, 1886. Counsel say that Wakefield had inserted in his petition a paragraph which was scandalous, and should have been expunged; that it was read by his counsel in the opening of the case to prejudice the jury; and that his counsel also said in the presence of the jury, during an argument against the admission of certain evidence, that "with the records piled with the perjury which this defendant has committed, as the files of this court will show." Sanders made no motion to purge or correct the petition, or to strike out any portion. When his counsel made the comments referred to, the court at once sustained an objection to the same; therefore none of these things are sufficient grounds for any reversal.

III. It is further alleged as error, that J. M. Tibbitts and C. E. Tibbitts were permitted to refer, when under examina-

tion as witnesses, to improper memoranda in order to refresh
their memory.    The only issue of fact in the case was whether
five dollars was paid by Sanders upon the note on the 28th of
August, 1878.    According to the evidence introduced on be-
half of Wakefield, J. M. Tibbitts, as his attorney and agent,
called upon B. C. Sanders on the 28th of August, 1878, at his
farm near Concordia, to obtain payment or settlement of the
note sued on.    J. M. Tibbitts testified that upon that date
Sanders paid him the five dollars which he indorsed upon the
note.    Sanders testified that J. M. Tibbitts was at his farm
two times in August, 1878 — once on the 21st of August, and
again on the 23d of August; that on the 23d he loaned him
five dollars, but never loaned or paid him any money after
that.    The evidence of J. M. Tibbitts showed that he prac-
ticed law in Columbus, Ohio, in the year 1878; that he came
from that state to Kansas in August, 1878, at the direction of
Wakefield, to see Sanders about the payment of his note; that
he never saw Sanders until the 28th of August, 1878.    He
was then permitted, in order to refresh his memory, to refer to
the indorsement on the note of the payment of five dollars
on the 28th of August, 1878, which he testified was written
by himself on that date, and also to the receipt he gave on
August 28, 1878, to Mr. Houston for the note and mortgage;
and also to the receipt of Strain & Sturges given him for the
note and mortgage on August 28, 1878; and to his diary
containing notes of daily events, kept by him for fifteen years,
and written at the time of their occurrences.    After so refresh-
ing his memory, the witness stated that he left Ohio on the
20th day of August, 1878, to come to Kansas; that he arrived
at the Missouri river, opposite Atchison, on Wednesday the
21st; that he came to Blue Rapids on Thursday the 22d,
and stayed with his brother, who was living there, over Sun-
day; that he was at Marysville on Saturday the 24th; that
on Sunday the 25th he went to church and Sunday school;
that on Monday the 26th he wrote letters east; and Tuesday
the 27th he came to Ames, in Cloud county, to see Mr. Clark,
and stayed with him all night; that on Wednesday the 28th

he was at Concordia, and on the same day went over to the farm of Sanders, where he received the five dollars indorsed upon the note. All of the receipts and other memoranda referred to by this witness were competent for the purpose used. The rule is well settled that notes or memoranda, made up by the witness at the moment or recently after the fact, may be looked to in order to refresh his memory. It is accordingly usual to allow a witness to look at memoranda made at the time, of dates, distances, etc., before giving his testimony, he having first sworn that they were made at the time, and faithfully done. (Wharton on Ev., §§ 516–526.)

To support the exceptions taken to the evidence of C. E. Tibbitts, it is said in the brief of Sanders that he was permitted to refresh his memory by an article in the Marysville *News*, a newspaper published in Marshall county, August 31, 1878. C. E. Tibbitts testified that on Saturday, the 24th day of August, 1878, he went to Marysville with his brother, J. M. Tibbitts; that he was in the *News* office at Marysville upon that day, and that he had a *News* with him of the date of August 31, 1878; he stated that there was a statement in the paper in regard to his visit to Marysville, but nothing further. The paper was not introduced in evidence, and the witness did not state that from the paper or from any article in it his memory was refreshed as to the particular date of his visit to Marysville; therefore, the matters testified to about the Marysville *News* of the date of August 31, 1878, were not prejudicial or material.

IV. It is finally urged that the trial court committed error in not permitting Sanders to amend his answer upon the trial, so as to show more specifically the payments claimed by him to have been made on the note. The action was begun the 27th day of August, 1883; the final trial was on the 4th of November, 1886, over three years from the time of commencement. Sanders had already filed four answers, the last answer alleging as his sole defense the statute of limitations. The money that Sanders obtained from Wakefield was paid to him by George Clark; the payments alleged in the proposed

amended answer were made to George Clark; at the time of the trial, he was dead. Although there had been a prior trial of the case and various answers filed, as above stated, no suggestion had ever before been made by Sanders, or his counsel, of any of these payments. Under these circumstances, the court committed no error in refusing the amendments requested.

We have examined the other matters discussed in the briefs; but, in view of the special finding of the jury that Sanders gave to J. M. Tibbitts, (the agent and attorney of Wakefield,) on August 28, 1878, five dollars, which was intended by him at the time to be a payment upon the note sued on, further discussion is unnecessary.

Upon the record, the judgment of the district court must be affirmed.

All the Justices concurring.