THE WILSON & TOMS INVESTMENT COMPANY v. CHARLES HILLYER *et al.*

1. NEW TRIAL—*Discretion of Court.* Trial courts may rightfully exercise a large discretion in the matter of granting or refusing new trials; and may, in the use of such discretion, set aside a judgment rendered in the absence of the defendant, and allow a new trial, especially when the application immediately follows the rendition of the judgment, although the showing in support of the motion and the motion are not strictly in conformity with the provisions of the statute.

2. ——— *Review of Order Granting.* When a trial court, in the exercise of its discretion, has awarded a new trial upon such showing,

this court will not reverse its action thereon, unless satisfied that such action of the court was an abuse of its discretion.

*Error from Stevens District Court.*

ACTION by the *Wilson & Toms Investment Company* against *Hillyer* and wife, to recover for money expended for the use of defendants. The defendants' motion to set aside a judgment against them, and grant a new trial, was granted July 2, 1889. The plaintiff comes to this court.

*J. L. Pancoast*, for plaintiff in error:

As bearing generally on this case we cite: *Hill v. Williams*, 6 Kas. 17; *Laithe v. McDonald*, 7 id. 255; *Windsor v. Goddard*, 15 id. 118; *Meixell v. Kirkpatrick*, 25 id. 13; *Welch v. Challen*, 31 id. 696; *Fullenweider v. Ewing*, 30 id. 15.

Opinion by STRANG, C.: The defendants employed the plaintiff to procure for them a loan upon their preëmption filing, which they agreed to secure by mortgage thereon, and authorized it to pay any incumbrance thereon, and also agreed to pay their said agent the sum of $14 as commission for procuring said loan and the expense of examining said land. The company secured the loan, paid the purchase price of the land to the government, amounting to $191, and $10 expense of examining the land, and tendered the defendants the balance of the loan and demanded of them a mortgage for the whole amount of said loan, which they refused to give. The plaintiff then brought suit against the defendants in the court below to recover the amount of money expended by it for the use of said defendants, and for its commission, and asked the court to declare the amount recovered a lien upon the land of the defendants. Answer was filed, but when the case was called for trial the defendants did not appear, nor did any one appear for them. Judgment was taken in the absence of the defendants for $233.33, and costs of suit, which judgment was by the court declared a lien upon the land upon which the mortgage was to have been given to secure the loan.

Afterward, but on the same day the judgment was rendered, William O'Connor appeared as attorney for the defendants, and moved the court to set aside the judgment and grant a new trial. Such motion was supported by the affidavit of said O'Connor. The motion was sustained by the court, to which the plaintiff objected, and now brings the case to this court for review, and alleges that the court erred in granting a new trial.

The contention of the plaintiff here is, that the application for a new trial was not sufficient, under any provision of the statute. We do not think the application for a new trial was very formal. It was made, however, immediately after the judgment was rendered, and while the plaintiff below was still in court and present, and while the whole proceeding was still fresh in the mind of the trial court; and, although it may properly be said that the showing was not sufficient to fully comply with any of the provisions of the statute, and not such as would justify this court in reversing the ruling of the court below in that respect if it had overruled said motion, yet we think the court had power to set aside the judgment it had just rendered and grant a new trial; and, having exercised that power, this court will not reverse its action unless satisfied that the court below had abused its discretion in so doing. Trial courts are permitted a good deal of latitude in the exercise of judicial discretion. Not being satisfied that the court below abused its discretion in this case, it is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* The case of WILSON & TOMS INVESTMENT COMPANY v. JOHN G. HILLYER, from the district court of Stevens county, is like the case of *Investment Co. v. Hillyer*, just decided. The same questions involved in this case were involved in that, and they are identical. This case is therefore affirmed on the strength of that.