ADAM SIMON v. CLARA L. SIMON.
No. 13,767.   (77 Pac. 571.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Presumption upon Review of Order Granting a New Trial.* In reviewing an order granting a new trial because of the insufficiency of the evidence before a referee, it will be presumed, in its absence from the record, that such evidence was duly considered by the trial court, there being no special recital to the contrary.

2. ———— *Review of Omission to Make Findings as Requested.* Where the trial court failed to make specific findings upon certain items of an account as requested, but, instead, found the aggregate amount due, the omission will not be reviewed by this court unless it be shown that the attention of the trial court was subsequently directed to it.

Error from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed July 7, 1904. Affirmed.

*J. E. Stillwell,* and *Wells & Wells,* for plaintiff. in error.

*Emery & Geary,* and *P. L. Burlingame,* for defendant in error.

The opinion of the court was delivered by

ATKINSON, J. : Clara L. Simon brought this action in the district court of Nemaha county against Adam Simon, her father-in-law, for an accounting, and recovered a judgment for $785.20. George O. Simon, the son of defendant and the husband of plaintiff, died in Colorado, leaving a large amount of personal property, mostly cattle and horses, which he bequeathed to his wife. Defendant undertook to care for and dispose of this personal property for plaintiff and account to her for the proceeds. It was claimed by plaintiff that defendant failed to account to her for a

portion of the proceeds of the sale of this property, and it was to compel an accounting and to recover a judgment for the balance found due that she commenced this action.

The case was first sent to a referee, who was ordered to make findings of fact and conclusions of law, and report the same to the court. The referee found and reported defendant indebted to the plaintiff in the sum of $518.15, as a balance on account of the moneys received by him in the conduct of her business; and found further that the obligation was barred by the statute of limitations, and denied plaintiff a recovery. Thereupon the court rendered judgment against plaintiff for costs. Subsequently plaintiff filed a motion for a new trial upon the ground of "error of law occurring at the trial," and upon the further ground that the judgment and finding were not sustained by sufficient evidence and were contrary to law. The court, upon the hearing of this motion, granted plaintiff a new trial, and of this ruling defendant complains.

It is contended on the part of defendant that the report of the referee, attached to and forming a part of the record, discloses no error of law occurring at the trial and excepted to by the plaintiff. In this contention he is correct. It is claimed that this was the only ground upon which the court could have made its order granting a new trial. It is urged that the record discloses that the court had before it, upon the consideration of the motion, none of the evidence upon which the referee made his findings of fact and conclusions of law, and for that reason it could not have reviewed the report of the referee upon the question of the sufficiency of the evidence. The record before us will not bear out that construction. It

does show that no evidence was offered by either party upon the hearing of the motion, but it does not show that the evidence taken before the referee was not before the court for consideration in passing upon the motion. Although this evidence is not found in the record, we must presume that it was before the trial court, and the record fully bears out this presumption. We are not at liberty to presume that the trial court committed error in granting a new trial. It may rightfully exercise a large discretion in the matter of granting or refusing a new trial, and this court will not review its ruling thereon unless satisfied that it was wholly unwarranted and an abuse of its discretion (*Investment Co. v. Hillyer*, 50 Kan. 446, 31 Pac. 1064; *Ireton v. Ireton*, 62 id. 358, 63 Pac. 429); particularly in a case where it is claimed that the court committed error in granting a new trial.

The principal controversy in the district court was whether or not the claim of plaintiff was barred by the statute of limitations. Trial was had without a jury, and the court made special findings of fact. Whether or not plaintiff was barred from a recovery depended upon facts established by conflicting testimony. It was left to the court to weigh this conflicting testimony and determine these facts; and also to determine, upon conflicting testimony, the amount of plaintiff's recovery, many items of which were in dispute. There was some competent evidence to support every material finding, and the facts found by the court were sufficient for predicating its judgment.

Complaint is made that the court failed to make specific findings upon certain items in controversy, but, instead, found in the aggregate. A trial court is not required to make findings of immaterial facts, or to make findings of material facts in greater detail

than is necessary to enable a reviewing court correctly to determine the questions of law involved in the case. In this case, however, it does not appear that defendant subsequently directed the attention of the trial court to its failure to make the specific findings requested. (*Briggs v. Eggan*, 17 Kan. 589.) Inasmuch as this was not done, the failure of the court to comply with the request will not be reviewed by this court. Other errors assigned are immaterial.

The judgment of the trial court is affirmed.

All the Justices concurring.