No. 37,656

CHARLIE W. MYERS and ELMER J. MYERS, *Appellants*, v. FORD L. WRIGHT and OMA WRIGHT, *Appellees*.

(208 P. 2d 589)

Opinion filed July 9, 1949.

*Patrick J. Warnick* and *Alan B. Phares*, both of Wichita, were on the briefs for the appellants.

*Clarence R. Sowers*, of Wichita, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for a money judgment. There

was a jury trial. It appears that defendant in his answer had admitted an indebtedness to plaintiff in the sum of $216.39. His counsel in the opening statement tendered into court a cashier's check in that sum, which tender was refused by plaintiff. The trial proceeded and on December 1, 1948, the jury returned a verdict for plaintiff in the sum of $595.95. On December 9 defendant filed a motion for a new trial, or, in the alternative, to reduce the judgment to $216.39. This motion came on for hearing on December 16, within the same term of court in which the trial was had. Plaintiff orally moved to strike the motion for a new trial from the files because it had not been filed within three days after the verdict, as required by G. S. 1935, 60-3003. The court proceeded with the hearing, at which one witness called by defendant gave testimony. There was quite a little argument by counsel and colloquy between court and counsel as to the trial, the evidence produced, and the papers taken to the jury room. The court overruled plaintiff's motion to strike from the files defendant's motion and announced that it was not satisfied with the verdict and that it would grant a new trial unless plaintiff would accept judgment for the sum tendered, $216.39, which plaintiff declined to do. The court therefore granted a new trial. The appeal is from that ruling.

Appellant first contends the court erred in not sustaining his motion to strike the motion for a new trial. Considered as a motion for a new trial, it was filed too late (G. S. 1935, 60-3003). The motion contained the alternative that the court reduce the judgment to the amount tendered. That part of the motion was addressed to the sound judicial discretion of the court and could be considered and ruled upon by the court during the same term the trial was had, even though it was filed more than three days after the verdict.

Our former decisions make it clear that the court not only has the authority, but it is the duty of the court to set aside a verdict and grant a new trial if the court is not satisfied with the verdict. The court should not render a judgment upon a verdict unless the verdict is approved by the court. Many authorities sustain these propositions. We cite a few of them. (*Klopfenstein v. Traction Co.*, 109 Kan. 351, 353, 198 Pac. 930, where earlier cases are cited; *Frakes v. Travelers Mutual Cas. Co.*, 148 Kan. 637, 84 P. 2d 871; *Pugh v. City of Topeka*, 151 Kan. 327, 99 P. 2d 862.)

The result is the judgment of the trial court must be affirmed. It is so ordered.