No. 37,644

NYMAN T. BATEMAN, *Appellee,* v. SAM ROLLER, *Appellant.*

(211 P. 2d 440)

Opinion filed November 12, 1949.

*Marion Beatty,* of Topeka, argued the cause, and *Harry K. Allen* and *L. M. Ascough,* both of Topeka, were with him on the briefs for the appellant.

*Raymond Briman,* of Topeka, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action for damages resulting from a collision between a truck and an automobile on a highway in which a jury found that neither the plaintiff nor the defendant was entitled to recover. The appeal is from an order setting aside the verdict and sustaining the plaintiff's motion for a new trial.

Except for acts of negligence relied on by the parties there is little conflict in the pleadings and in the evidence. For explanatory purposes it can be said the collision occurred the morning of October 24, 1946, while both motor vehicles were proceeding in an easterly direction on a straight portion of U. S. Highway 40, northwest of Topeka, at a time when plaintiff's truck, operated by one Robert J. Smith, was endeavoring to pass an automobile driven by the defendant who was attempting to make a left hand turn and leave the highway. Both vehicles were severely damaged.

Following the accident plaintiff brought this action claiming that the damages sustained to his truck were the result of defendant's negligent operation of his automobile. Defendant filed an answer denying any negligence on his part and a counterclaim in which he

charged that he had sustained injuries to his person and to his automobile which were caused by, and directly resulted from, the negligent manner in which plaintiff's truck was being driven by Smith as his agent.

After a trial, at which the evidence pertaining to negligence of the parties was highly in conflict and the jury failed to find either of them liable, the plaintiff filed a motion for new trial in which he complained of erroneous rulings and instructions by the trial court and the verdict of the jury because it was in whole or in part contrary to the evidence. On consideration of this motion the trial court found that it should be sustained and without stating any specific reason for its action set aside the verdict and granted a new trial. Defendant immediately appealed from such ruling.

Thus it appears the sole and only question presented for appellate review is whether, under the conditions and circumstances heretofore related, the trial court's action was erroneous.

At the outset appellant, based upon the premise the new trial was granted solely upon the ground the verdict was in whole or in part contrary to the evidence, contends that appellee's uncontradicted testimony disclosed facts from which the jury was warranted in finding negligence in the operation of his truck and that therefore the trial court was required to approve such verdict. We are far from certain, assuming appellant's contention with respect to the state of the evidence and the specific ground for the sustaining of the motion for new trial to be true, that under our decisions the trial court's action was unwarranted. But we are not called upon to pass upon that question and hence do not here decide it.

Before referring to the particular rule regarded as decisive of this appeal it may be well to state a few general principles responsible for its pronouncement. This court has always held that an order of a trial court allowing or denying a motion for a new trial will not be reversed unless abuse of discretion is apparent. See *Clark v. Southwestern Greyhound Lines*, 146 Kan. 115, 69 P. 2d 20; *Fritchen v. Jacobs*, 138 Kan. 322, 26 P. 2d 448. Many other decisions to the same effect appear in our reports but to list them would merely burden this opinion. They can be found by referring to West's Kansas Digest, Appeal and Error, §§ 977-979, incl., and Hatcher's Kansas Digest, Appeal and Error, § 458.

It likewise holds that a much stronger showing with respect to abuse of discretion is required when a new trial has been granted

than when it has been refused. (*Murphy v. Hindman,* 37 Kan. 267, 15 Pac. 182.) In *City of Sedan v. Church,* 29 Kan. 190, we said:

"Trial courts are invested with a very large and extended discretion in the granting of new trials; and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court and the parties themselves understood them. . . . The supreme court will very seldom, and very reluctantly, reverse a decision or order of the trial court which grants a new trial. A much stronger case for reversal must be made when the new trial is granted than where it is refused. . . ." (pp. 191, 192.)

A similar statement is to be found at page 362 of the opinion of *Ireton v. Ireton,* 62 Kan. 358, 63 Pac. 429.

See, also, *Simon v. Simon,* 69 Kan. 746, 77 Pac. 571, where the following statement appears:

". . . We are not at liberty to presume that the trial court committed error in granting a new trial. It may rightfully exercise a large discretion in the matter of granting or refusing a new trial, and this court will not review its ruling thereon unless satisfied that it was wholly unwarranted and an abuse of its discretion (*Investment Co. v. Hillyer,* 50 Kan. 446, 31 Pac. 1064; *Ireton v. Ireton,* 62 *id.* 358, 63· Pac. 429); particularly in a case where it is claimed that the court committed error in granting a new trial."

The foregoing quotations appear in a more recent decision, *Blake v. National Mutual Casualty Co.,* 155 Kan. 201, 124 P. 2d 478, where the rule therein announced is approved and adhered to.

With respect to what is required in order to warrant the reversal of a ruling granting a motion for new trial we have repeatedly held that action of such nature is so much in the discretion of the trial court that an appellant must clearly establish error with respect to some pure, simple, and unmixed question of law. (*Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518; *McCauley v. A. T. & S. F. Rld. Co.,* 70 Kan. 895, 79 Pac. 671; *Railway Co. v. Fields,* 73 Kan. 375, 85 Pac. 412; *Cronk v. Frazier,* 86 Kan. 879, 122 Pac. 893; *Rowell v. Gas Co.,* 81 Kan. 392, 396, 105 Pac. 691.)

We now come to the all decisive rule heretofore mentioned and to which we adhere. Long ago in *Atkinson v. Darling,* 107 Kan. 229, 191 Pac. 486, we held:

"Ordinarily no reversible error can be based upon the granting of a new trial unless the trial court indicates the exclusive and specific ground upon which the new trial is granted, and unless that ground happens to be one

which the supreme court is in as good a position to consider and determine as the trial court." (Syl. ¶ 2.)

Later, in *Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869, where the same rule was under consideration and process of elaboration, we held:

"When a trial court grants a new trial generally, upon the ground that it is not satisfied with the verdict, or for any of several reasons not specifically stated, this court does not interfere with the ruling, but where the court grants a new trial upon a specific legal ground which this court is in as good a position to examine as was the trial court, this court may examine the ground upon which the new trial was granted and determine whether it was legally sufficient." (Syl. ¶ 7.)

Still later in *Cole v. Lloyd*, 161 Kan. 150, 152, 166 P. 2d 577, the same principle was reaffirmed and approved.

As has been previously stated no reasons were given for sustaining the involved motion for a new trial. We might add that if they were requested the record does not show it. It will not do, as appellant suggests, to limit those reasons to grounds stated in the motion. The books are full of cases recognizing that trial courts have authority to grant new trials on their own motion. Hence when a new trial is granted generally it cannot be assumed a court in granting it restricted its consideration of the motion and its decision with respect thereto to grounds of the motion alone. The presumption is that in the instant case the trial court performed its duty, exercised its independent judgment and determined whether the verdict should be approved. Under all our decisions (*Raines v. Bendure*, 166 Kan. 41, 199 P. 2d 456; *Meyers v. Wright*, 167 Kan. 728, 208 P. 2d 589), if dissatisfied with such verdict it not only had authority but it was its duty to set it aside and grant a new trial. For all we know the verdict may have been set aside and the motion sustained for any of several reasons. In any event we are in no position to decide what they were and the appellant has failed to clearly establish any error in the trial court's ruling with respect thereto.

The judgment is affirmed.