No. 37,943

WILLIAM J. SCHROEDER, *Appellant*, v. THE TEXAS COMPANY, a Corporation, MAGNOLIA PETROLEUM COMPANY, a Corporation, LION OIL COMPANY, a Corporation, ATLANTIC REFINING COMPANY, a Corporation, ARTNELL COMPANY, a Corporation, THE EWERS-SIMPSON OIL CORPORATION, a Corporation, GULF OIL CORPORATION, a Corporation, STANOLIND OIL AND GAS COMPANY, a Corporation, JOSEPH S. KANTOR, HERNDON DRILLING COMPANY, a Corporation, I. W. MURFIN, W. R. MURFIN, and MERCURY DRILLING COMPANY, 'a Corporation, *Appellees*.

(219 P. 2d 1063)

Opinion filed July 8, 1950.

*Paul L. Aylward*, of Ellsworth, argued the cause, and *George D. Miner*, of Ellsworth, was with him on the briefs for the appellant.

*V. E. Danner*, of Ellsworth, argued the cause, and *H. A. Santry*, of Ellsworth, *W. E. Holmes, Donald I. Mitchell* and *Lyndon Gamelson*, all of Wichita, and *Philip R. Wimbish*, of Tulsa, Okla., were with him on the briefs for the appellees, The Texas Company and The Atlantic Refining Company.

The opinion of the court was delivered by

PARKER, J.: Plaintiff brought this action against thirteen different defendants to recover damages both actual and punitive, alleged to have been sustained by him as a result of their action in permitting salt water and other mineralized liquids to escape and flow upon his lands from certain of their oil and gas operating leaseholds.

Issues having been joined, by pleadings which are not in controversy and hence require no further reference, the cause was tried by a jury. At the close of plaintiff's case each and all of the de-

fendants demurred to his evidence. All such demurrers, except those interposed by defendants The Texas Company, a corporation, Atlantic Refining Company, a corporation, and Joseph S. Kantor, an individual, were sustained. No appeals were taken from those rulings and the trial then proceeded against the three defendants last named.

At the end of a spirited trial the cause was submitted to the jury which eventually returned two general verdicts, together with its answers to special questions submitted by the trial court, in favor of plaintiff and against the two defendant corporations, one for the sum of $10,000 actual damages and the other for the sum of $4,000 as punitive damages. No verdict of any kind was returned against the defendant Kantor although the undisputed evidence was to the effect that during a portion of the period of time in controversy he had an interest in and actually operated the lease for which the jury held Atlantic entirely responsible.

Following the return of the verdicts the defendants, The Texas Company and the Atlantic Refining Company, filed a motion to set aside such verdicts and the answers to the special questions, a motion for judgment *non obstante* and a motion for a new trial. Thereafter the trial court announced the defendants' motion for new trial should and ought to be sustained on the ground the verdicts were excessive and stated that by reason of that conclusion no other or further ruling was deemed necessary upon defendants' remaining posttrial motions. It then granted the motion for new trial and set aside the verdicts and answers to the special questions.

Subsequently plaintiff filed a motion to set aside the order granting a new trial and the other orders made by the court in connection therewith. In due course this motion came on for hearing. While it was being heard the trial court stated that if it had deemed the verdicts excessive it could and would have ordered a remittitur without granting a new trial but that since it also felt and believed they were brought about through the passion and prejudice of the jury it could not in good conscience do anything but grant a new trial. It then overruled plaintiff's motion. After doing so it pointed out that the journal entry reflecting its original action, and which it had theretofore signed, failed to correctly recite its reasons for granting a new trial and directed that it be corrected and amended to read "that the verdicts found and rendered by the jury are excessive and were rendered under the influ-

ence of passion and prejudice." This was done and the journal entry now so reads.

Plaintiff then perfected this appeal and now, under proper specifications of error, contends the trial court erred in granting defendants a new trial and in denying his motion to set aside the order granting them that relief.

The established rule in this jurisdiction is that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside and grant a new trial (*Raines v. Bendure,* 166 Kan. 41, 199 P. 2d 456; *Myers v. Wright,* 167 Kan. 728, 208 P. 2d 589). The presumption in the instant case, as in all cases, is that the court performed that duty, exercised its independent judgment and determined whether the verdicts should be approved (*Bateman v. Roller,* 168 Kan. 111, 114, 211 P. 2d 440).

Another rule of universal application is that an order of a trial court allowing a motion for new trial will not be reversed unless this court is satisfied its action was wholly unwarranted and clearly amounts to abuse of discretion. (*Simon v. Simon,* 69 Kan. 746, 77 Pac. 571; *Fritchen v. Jacobs,* 138 Kan. 322, 26 P. 2d 448; *Clark v. Southwestern Greyhound Lines,* 146 Kan. 115, 69 P. 2d 20.) Still another, particularly applicable here is that the granting of a motion for new trial rests so much in the trial court's sound discretion that its action will not be held to be reversible error on appellate review unless it can be said the party complaining thereof has clearly established error with respect to some pure, simple, and unmixed question of law. (*Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518; *McCauley v. A. T. & S. F. Rld. Co.,* 70 Kan. 895, 79 Pac. 671; *Railway Co. v. Fields,* 73 Kan. 375, 85 Pac. 412; *Cronk v. Frazier,* 86 Kan. 879, 122 Pac. 893; *Rowell v. Gas Co.,* 81 Kan. 392, 396, 105 Pac. 691; *Bateman v. Roller,* supra.)

No useful purpose would be served by a detailed review of the factual situation presented by the record in the case at bar. It suffices to say that when carefully examined it clearly reveals the trial court was dissatisfied with the verdicts, otherwise it would not have felt and believed, as it repeatedly announced, that they were brought about by passion and prejudice. In such a situation, in the absence of any claim or affirmative showing—and there is none —that that court's action in granting a new trial was arbitrary, capricious, or influenced by bias or prejudice, any one or all of the rules to which we have heretofore referred precludes this court from

sustaining or upholding appellant's claim the order granting the motion for new trial should be set aside and the trial court directed to render judgment on the verdicts as returned by the jury.

We are advised that since the cause was argued in this court the trial court has directed the filing of a journal entry *nunc pro tunc* stating that its order granting a new trial was limited to certain defendants. A certified copy of such journal entry has been filed with the clerk of this court. On a second trial the district court can and will take cognizance of its own orders on this phase of the case and it is so ordered.

The district court's order and judgment granting a new trial is affirmed.