No. 38,474

Rodger Moon, Doing Business Under the Name and Style of Moon Abstract Company, *Appellee* and *Cross-Appellant,* v. Theo W. Lord, Inc., *Appellant.*

(238 P. 2d 506)

Opinion filed December 8, 1951.

Samuel Mellinger, of Emporia, argued the cause, and *Clarence V. Beck,* and *Lacy C. Haynes, Jr.,* both of Emporia, were with him on the briefs for the appellant.

Roscoe W. Graves, of Emporia, argued the cause and was on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

Parker, J.: Plaintiff commenced this action by the filing of a verified petition wherein it is alleged that under an oral contract with the defendant's duly authorized agent plaintiff agreed to compile 140 abstracts of title for defendant, covering a tract of land lying adjacent to the city of Emporia which was to be dedicated and platted as an addition to such city and that defendant agreed to pay a price of $8 for each of the abstracts so prepared and compiled when completed. The pleading further states that plaintiff completed and had such abstracts of title ready for delivery on September 24, 1948, and that defendant refused to accept or pay for the same in conformity with the terms of the agreement. It then asks for judgment against defendant in the sum of $1,128 (that being the total amount that would be due for the 140 abstracts of title at $8 each) with interest at six percent from September 24, 1948, and the costs of the action.

The defendant responded to plaintiff's petition by answer. This pleading denied each and every material allegation set forth in

the petition, asked that all relief sought by plaintiff be denied and prayed that defendant recover its costs.

With issues joined, as heretofore related, the cause was tried by a jury. After plaintiff had adduced its evidence defendant demurred thereto on grounds (1) the evidence failed to show an offer, an acceptance, and consideration constituting a contract under the laws of the state and (2) such evidence disclosed plaintiff had failed to fulfill conditions of the contract in that he had not delivered or offered to deliver defendant's abstracts of title as defined by the laws of the state and the Supreme Court. When this demurrer was overruled defendant proceeded to adduce its testimony. Plaintiff then adduced rebuttal evidence. At the close of all testimony defendant orally moved the court for a directed verdict in its favor. This motion was also overruled. Plaintiff then moved for an instructed verdict with like results. Thereupon the court instructed the jury which, after deliberation, returned a general verdict in favor of plaintiff in the amount of $1,000 together with its answers to special questions submitted by the court.

For informative purposes, although the rulings thereon are not subject to appellate review because neither the plaintiff nor the defendant filed a motion for a new trial, it is to be noted that divers post trial motions were filed by each of the parties and that all of such motions were overruled by the trial court.

On April 18, 1951, following the overruling of its post-trial motions, defendant gave notice of appeal to this court from the ruling on its demurrer to plaintiff's evidence and its motion for a directed verdict. The next day, all parties being present, the trial court announced in open court that it was dissatisfied with the verdict of the jury and that it was setting aside such verdict and granting a new trial. Plaintiff then gave notice of a cross-appeal. Subsequently the cause was certified to this court for appellate review in the manner prescribed by our statute.

For reasons presently to be disclosed we shall not attempt to detail all the errors assigned by the parties in their respective specifications of error. For the moment it suffices to say that one assigned error, common to both specifications, is that the trial court erred in ordering a new trial and another that such court erred in overruling each of the parties' motion for a directed verdict.

The orders overruling each of the motions for a directed verdict require no discussion for they are not such orders as are appealable under our statute. See, e. g., *Commander-Larabee Milling Co. v.*

*McBride*, 152 Kan. 709, 107 P. 2d 668. See, also, *Palmer v. Julian*, 161 Kan. 619, 170 P. 2d 813, where, as in the case at bar no final judgment had been rendered and the appealing party nevertheless was attempting to appeal from an order overruling his motion for a directed verdict at the close of all the evidence, we held:

"An order overruling a motion for a directed verdict is not appealable and, in the absence of a judgment from which appeal is taken, is not reviewable." (Syl ¶ 1.)

Neither party strenuously argues his assignment of error to the effect the trial court erred in granting a new trial and we have searched the briefs in vain for an outright contention on the part of either of them that its action in so doing constituted an abuse of its discretion. Moreover, we have reviewed the record and find nothing to warrant any such conclusion. Hence we are constrained to hold that action did not result in reversible error. The established rule in this jurisdiction is that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside and grant a new trial (*Raines v. Bendure*, 166 Kan. 41, 199 P. 2d 456; *Myers v. Wright*, 167 Kan. 728, 208 P. 2d 589) and this court, on appellate review, has always held that an order granting a new trial by the court below will not be disturbed or reversed unless abuse of discretion is apparent (*Simon v. Simon*, 69 Kan. 746, 77 Pac. 571; *Fritchen v. Jacobs*, 138 Kan. 322, 26 P. 2d 448; *Clark v. Southwestern Greyhound Lines*, 146 Kan. 115, 69 P. 2d 20; *Bateman v. Roller*, 168 Kan. 111, 211 P. 2d 440; *Schroeder v. Texas Co.*, 169 Kan. 607, 219 P. 2d 1063). This, we may add, is the rule whether the new trial is granted on the motion of the parties or on the trial court's own motion. Many other decisions adhering to the rule just announced appear in our reports but to list them would merely burden this opinion. If desired they can be found by reference to West's Kansas Digest, Appeal and Error, §§ 977-979, incl., and Hatcher's Kansas Digest, Appeal and Error, § 458.

Except for those to which we have heretofore referred all other errors assigned by the parties in their initial specifications of error relate to controverted issues of fact which are not subject to a review in the absence of a motion for a new trial or to other trial errors which become immaterial in view of our conclusion the trial court's action in granting a new trial was not erroneous. Therefore nothing would be gained by specific reference to them and they will not be discussed or considered.

Nevertheless one question remains which requires our attention. Appellant's original specifications of error as filed in this court did not purport to challenge the propriety of the trial court's action in overruling its demurrer to the appellee's evidence. However, within three months after the filing of those specifications and some five weeks prior to the date set for the hearing of the appeal in this court, it sought and obtained permission to amend such specifications of error by adding thereto a specification of error challenging that action. Permission to make the amendment, it should be added, was granted after this court had ascertained that appellee had discussed the propriety of the ruling complained of in the proposed amendment and concluded that he would not be prejudiced or surprised by that action. Moreover, it is to be noted that appellant's brief in support of such specification was filed with the clerk of this court at least a month prior to the date on which the cause was to be heard, in ample time for appellee to meet all issues therein discussed by a reply brief if he desired or deemed it necessary to do so. Notwithstanding, appellee insists appellant is not entitled to be heard or given consideration on this amended specification of error. Under the conditions and circumstances, heretofore related, even though we do not approve of appellant's failure to specify all of the errors on which it relied as grounds for reversal of judgment in its abstract in accord with our established rule, we are inclined to and do not believe it should be deprived of the right to be heard thereon. The situation and contentions advanced by appellee with respect to appellant's right to be heard are not unlike those presented and answered in our recent decision in *General Motors Acceptance Corp. v. Davis,* 169, Kan. 220, 218 P. 2d 181, where we said and held:

"The cause was submitted for trial by the court upon the agreed statement of facts and on August 13, 1949, the trial court rendered judgment in favor of the corporation. Davis perfected this appeal and on October 12, 1949, he filed his combined abstract and brief in this court, wherein, on the same page, he stated his specification of error and also the question involved in the appeal. On March 29, 1950, the corporation filed its brief included in which is an argument that the specification of error set out in Davis's abstract presents no question for appellate review. On April 4, 1950, Davis, without specific permission, amended his specification of error, and on April 5, 1950, the corporation filed its objections to the amendment being given consideration. It is not necessary that we review decisions cited in the corporation's brief, for what is said in them was considered in the very recent case of *Dupont v. Lotus Oil Co.* 168 Kan. 544, 213 P. 2d 975, where it was held:

" 'When an appellant's right to be heard on appeal is challenged on grounds of noncompliance with such rule and it appears from the record he has made no attempt to conform with its requirements until the day the cause is set for argument his appeal will be dismissed.' ( Syl. ¶ 3. )

"It is clear from the abstract that the question in the trial was, and in this court is, the priority between the right of the holder of a conditional sales contract which has been duly filed as provided by statute (G. S. 1935, 58-314) covering an automobile and the right of the purchaser of the automobile from the maker of the contract. As originally prepared the combined abstract and brief, by the specification of error and the statement of the question involved, were such that the corporation was not in any manner misled or disadvantaged, and in its brief it has covered the question above stated. The appeal will be considered." (pp. 221 and 222.)

In giving consideration to the question whether appellee's evidence was sufficient as against appellant's demurrer it must be kept in mind that in passing on a demurrer to evidence an appellate court is concerned only with evidence and inferences to be deduced therefrom which support a cause of action, that it cannot weigh the testimony and that it must accept all competent evidence as true and indulge all reasonable inferences to be drawn therefrom in favor of the party adducing it (*Myers v. Shell Petroleum Corp.*, 153 Kan. 287, 110 P. 2d 810; *Picou v. Kansas City Public Service Co.*, 156 Kan. 452, 134 P. 2d 686; *Ripper v. City of Canton,* 166 Kan. 185, 199 P. 2d 815 and *Phillips v. Doyle,* 167 Kan. 376, 378, 207 P. 2d 465).

When appellee's evidence is examined and tested by the foregoing rule we have little difficulty in concluding that the trial court did not err in overruling the appellant's demurrer. The fair import of his testimony, which we pause to note was the only evidence adduced in his behalf, is to the effect he had entered into a contract with the appellant, the terms of which were those alleged in his petition, and that pursuant to such contract he had compiled and had either delivered or was ready to deliver all abstracts of title, fully completed, contemplated by its terms. In addition he testified that after he had delivered the major portion of such abstracts and had notified appellant that the others were ready for delivery the latter, through its conceded agent, advised him appellant had received divers statements (computed at $8 per abstract) for the amount appellee claimed to be due for the abstracts and that appellant would pay for such abstracts in accord with the statements as soon as it had completed the sale of some of the tracts for which the abstracts had been prepared and that thereafter appellant had failed to pay for such abstracts as it had agreed to do. Appellee

also testified that the abstracts were completed and dated September 24, 1948, that about 100 of them were delivered approximately two months later, and at that time he was told by the selfsame agent not to deliver any more because appellant did not have room for them. We are not disposed to labor the evidence further. Accepting the foregoing testimony as true, and giving it the benefit of all inferences to which it is entitled under the rule, it shows a meeting of the minds of the parties and a completed contract for the making and delivery of the 140 abstracts of title at $8 each. This was sufficient to withstand a demurrer and could only be met by testimony on the part of the appellant which would refute it. In the face of such testimony it cannot be said that for purposes of the demurrer appellee had failed to establish a cause of action. Assuming as appellant contends, without deciding the points, that appellee had neglected to attach his certificate to all the abstracts in question or had failed to compile and have ready for delivery abstracts which did not conform with its version of the contract does not alter the situation. Such facts, if true, when established to the satisfaction of the jury, might be grounds for a reduction of the amount due under the contract or for a verdict denying any recovery whatsoever. Even so, the burden was on appellant to show not only the existence of those facts but that their existence violated the terms of the agreement between the parties and was of such character as to defeat recovery under its terms.

We are unable to find anything in the record to warrant a conclusion the trial court erred in overruling the demurrer to appellee's evidence or in granting a motion for a new trial on its own volition. Therefore its decisions with respect to such matters must be approved and affirmed. It is so ordered.