No. 40,336

VIRGINIA GOULD, *Appellant,* v. CHET ROBINSON, *Appellee.*

(309 P. 2d 405)

Opinion filed April 6, 1957.

*Robert H. Nelson,* of Wichita, argued the cause, and *W. A. Kahrs, Julian H. Zimmerman,* and *Patrick F. Kelly,* all of Wichita, were with him on the briefs for the appellant.

*A. D. Weiskirch,* of Wichita, argued the cause, and *Manford Holly,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is a replevin action to recover possession of a diamond or its value. After the jury returned a general verdict for the plaintiff the court granted a new trial. Plaintiff appeals from that order and defendant cross-appeals from an order overruling his motion for a directed verdict at the conclusion of all the evidence.

The pleadings are not long and in such form they disclose the general facts relied on by the parties to support their respective claims. For that reason they will be quoted at length.

Omitting formal averments, allegations identifying the parties and the prayer, the amended petition reads:

"That on the 20th day of May, 1953, plaintiff was the owner of a diamond stone of at least two karat weight, the same being a flawless stone of fine color with a perfect cut, having at that time, a retail value of approximaely $4,000.00.

"On that date plaintiff delivered said stone to the defendant, the mounting in which it then was and a new platinum mounting. The new platinum mounting was of sufficient size for the setting of said stone in the same and employed the defendant to set the stone in the new platinum mounting. That on approximately the 23rd day of May, 1953, the defendant delivered to this plaintiff a diamond stone set in the new mounting, but that said diamond as set and delivered to this plaintiff by the defendant was not the diamond stone delivered to the defendant by plaintiff, but was a diamond of a weight not to exceed 1.6 karats and which was of off color. That the diamond stone delivered to this plaintiff by the defendant was only of a reasonable value of $1800.00.

"That the defendant has never, at any time, since said date delivered to this plaintiff the diamond stone delivered to him on May 20, 1953, for re-setting. That plaintiff is entitled to possession of said diamond and did, on November 3, 1954, by and through her attorney, make an oral demand for the return of said stone.

"Plaintiff alleges that said stone is now in the possession of the defendant. Plaintiff has never been advised by the defendant that he has ever parted with the possession of said two karat diamond stone but has failed, neglected and refused to deliver to plaintiff the diamond stone delivered to him by plaintiff on May 20, 1953. That plaintiff is entitled to the return of said diamond stone to her."

The answer contains a general denial, a prayer that plaintiff be denied all relief sought in her amended petition, and an additional paragraph alleging:

". . . that on or about the 20th day of May, 1953, plaintiff delivered to defendant a diamond stone to be set in a mounting; that defendant mounted said identical stone in said plaintiff's identical mounting, made her a reasonable charge therefor and on or about May 23rd, 1953, re-delivered back to plaintiff said identical stone and mounting that she previously brought to him."

With issues joined as related the cause came on for trial by a jury. Thereupon, after opening statements by counsel, plaintiff adduced her evidence to which defendant demurred on the ground it failed to prove a cause of action. When this demurrer was overruled defendant adduced his evidence and rested. Plaintiff followed with her rebuttal evidence and rested. At this point, with evidence of the parties supporting claims made in their respective pleadings, defendant moved to reopen his case for the purpose of producing one more witness he claimed to have discovered the night before. This motion was denied. Defendant then moved the court for a directed verdict on all the evidence. After denial of this motion the court instructed the jury in writing, refusing to give one instruction requested by defendant. Thereupon the cause was submitted to the jury which, in due time, returned into open court its general verdict in favor of plaintiff and against defendant, along with its answers to two special questions submitted by the court. These answers were to the effect that defendant had not returned the same stone she had left with him and that the value of such stone at the time it was delivered to defendant was $3,500. Defendant then moved to set aside the answers to special questions and for judgment *non obstante veredicto.*

Following the foregoing proceedings defendant filed a motion for a new trial on grounds (1) of abuse of discretion and surprise which ordinary prudence could not have guarded against resulting in his not being afforded an opportunity to present his evidence and be heard fully on the merits of the cause; (2) erroneous rulings and instructions of the court; (3) the verdict was given under the influence of passion and prejudice; (4) the verdict was contrary to the evidence; (5) newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at the trial; and (6) the verdict was procured by the corruption of the plaintiff. Defendant asserts, and plaintiff does not deny, that upon the hearing of the motion for a new trial he presented and argued all grounds of his motion for a new trial. At the close of all arguments on the motion the court granted a new trial generally and set aside the verdict. Following that announcement counsel

for plaintiff inquired of the court if it would clarify its *reason* for that action. The transcript, which we have procured and examined to the end there may be no mistake about it, discloses that in response to such inquiry the court said "Well, for the *reasons* presented today." (Emphasis supplied.) Thereafter, as has been previously indicated, plaintiff gave notice that she was appealing from the order granting a new trial and defendant that he was appealing from the order overruling his motion for a directed verdict at the conclusion of all the evidence.

The fundamental premise on which appellant bases her claim the trial court erred in sustaining the motion for a new trial is that the specific ground on which the new trial was granted was newly discovered evidence. If this were true there might be merit to subsequent contentions that the evidence offered by appellee on the hearing of the motion was not sufficient to warrant a ruling made on that basis. In any event we have no quarrel with the rule (See, e. g., *Bernsden v. Johnson*, 174 Kan. 230, 255 P. 2d 1033; *Bishop v. Huffman*, 175 Kan. 270, 272, 262 P. 2d 948) that where a trial court grants a new trial upon a specific legal ground this court will examine the ground upon which the new trial was granted and determine whether it was legally sufficient, if it is in as good a position as was the trial court to examine it. The trouble from appellant's standpoint is that after a careful examination of the record we are unable to agree with her as to the basis for the trial court's ruling. Heretofore we have noted that appellant has made no denial of appellee's assertions that the motion for a new trial was presented and argued on all of its grounds, directed attention to the fact that when making its initial ruling the trial court sustained the motion generally, and pointed out the indisputable record is that when it was asked to state its reason for the ruling it answered "Well, for the reasons presented today." In the face of such a situation we believe appellant's contention the trial court committed reversible error in sustaining the motion falls squarely within the following rules of universal application in this jurisdiction (1) that when a trial court sets aside a verdict and grants a new trial generally without specifying any reasons therefor the supreme court has no means of passing upon the sufficiency of the grounds on which its decision is based and hence cannot hold that its action with respect thereto amounts to an abuse of judicial discretion or constitutes reversible error (*Bateman v. Roller*, 168 Kan. 111, 211 P. 2d 440; *Babb v. City of Wichita*, 172 Kan. 416,

241 P. 2d 755; *Krehbiel v. Milford*, 173 Kan. 642, 250 P. 2d 769);
(2) that an order of a trial court allowing a motion for a new trial
will not be reversed unless this court is satisfied its action was
wholly unwarranted and clearly amounts to abuse of discretion
(*Simon v. Simon*, 69 Kan. 746, 77 Pac. 571; *Schroeder v. Texas Co.*,
169 Kan. 607, 609, 219 P. 2d 1063); (3) that the granting of the
motion for a new trial rests so much in the trial court's sound dis-
cretion that its action will not be held to be reversible error on ap-
pellate review unless it can be said the party complaining thereof
has clearly established error with respect to some pure, simple and
unmixed question of law (*Sanders v. Wakefield*, 41 Kan. 11, 20 Pac.
518; *McCauley v. A. T. & S. F. Rld. Co.*, 70 Kan. 895, 79 Pac. 671;
*Railway Co. v. Fields*, 73 Kan. 375, 85 Pac. 412; *Cronk v. Frazier*,
86 Kan. 879, 122 Pac. 893; *Rowell v. Gas Co.*, 81 Kan. 392, 396, 105
Pac. 691; *Bateman v. Roller*, supra; *Schroeder v. Texas Co.*, 609,
supra.); and cannot be upheld.

In connection with appellee's cross-appeal it is urged the trial
court erred in overruling his motion for a directed verdict at the
conclusion of all the evidence; in denying his motion to reopen the
case for further evidence at the conclusion of all testimony; in re-
fusing to give his requested instruction; and in overruling his mo-
tion for judgment *non obstante*. The difficulty from his standpoint
is that these are all trial errors and, since no final judgment has
been rendered, are not appealable.

Long ago in *Commander-Larabee Milling Co. v. McBride*, 152
Kan. 709, 107 P. 2d 668, we said:

"The ordinary effect of an order of a court granting a new trial is to set
aside the verdict, special findings, if any, and all trial rulings, and leave the
action for trial on the issues framed by the pleadings as though there had not
been a trial. (46 C. J. 436; *McCrum v. Corby*, 15 Kan. 112; *Cahn v. Tootle*,
58 Kan. 260, 48 Pac. 919; *Johnston v. Lanter*, 92 Kan. 257, 139 Pac. 1031;
*Peoples Nat'l Bank v. Casey*, 127 Kan. 581, 274 Pac. 286; *Foust v. Mills*, 128
Kan. 471, 278 Pac. 745; *Lapo v. Naillieux*, 139 Kan. 23, 29 P. 2d 1098.)"
(p. 711.)

For later decisions of like import see *Palmer v. Julian*, 161 Kan.
619, 170 P. 2d 813; *Moon v. Lord*, 172 Kan. 139, 140, 141, 238 P.
2d 506; *Nicholas v. Latham*, 179 Kan. 348, 353, 295 P. 2d 631.

Finally appellee contends the trial court erred in overruling his
demurrer to appellant's evidence. The short and simple answer
to this contention is that this ruling is not subject to appellate re-
view because the record discloses there is no cross-appeal from that

ruling. (See *Giltner v. Stephens,* 163 Kan. 37, 180 P. 2d 288; *McComb v. Stanolind Oil and Gas Co.,* 164 Kan. 1, 186 P. 2d 574.)

We find nothing in this record to warrant a conclusion the trial court committed reversible error with respect to any of the matters relied on by the parties. Therefore the judgment must be affirmed in its entirety.

It is so ordered.