## No. 43,697

GLENDEAN HARRIMAN, *Appellant* and *Cross-Appellee*, v. PENNY READY-MIXED CONCRETE & CONSTRUCTION CO., INC., *Appellee* and *Cross-Appellant*.

(392 P. 2d 938)

Opinion filed June 6, 1964.

*Eugene C. Riling*, of Lawrence, argued the cause, and *John J. Riling*, of Lawrence, was with him on the briefs for the appellant and cross-appellee.

*John A. Emerson*, of Lawrence, argued the cause, and *Richard A. Barber* and *Fred N. Six*, both of Lawrence, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

PARKER, C. J.: This was a negligence action to recover damages for personal injuries sustained in a motor vehicle collision in which the jury returned a general verdict for the plaintiff, along with answers to special interrogatories, and the trial court granted the defendant's motion for a new trial. Plaintiff appeals from that order and the defendant cross-appeals from divers orders to which we shall subsequently make reference.

The pleadings are important only as they define the issues and all that need be said regarding them is that each party charges that

negligence on the part of the other was the proximate and legal cause of the accident. Nor is it necessary, in view of the scope of appellate review, to detail any of the evidence adduced at the trial except that portion thereof, omitting conflicting evidence as to the negligence of the respective parties, sufficient to give readers of this opinion a bird's-eye picture of the undisputed factual situation existing immediately prior to the happening of the collision in question. The facts required for that purpose may be stated briefly.

At approximately 11:30 a. m. on July 20, 1960, a hot, dry and clear day, the plaintiff driving a pickup truck, and the defendant's ready-mix concrete truck were both proceeding westbound on West Sixth Street in Lawrence. Such street is a 4-lane, east-west thoroughfare with a forty-five mile per hour speed limit. As the plaintiff attempted to turn north into the driveway of a Dari-King drive-in ice cream store, the right rear corner of plaintiff's pickup truck and the front portion of defendant's ready-mix concrete truck came into contact and, as a result, plaintiff sustained serious injuries when her truck went out of control, rolled over and came to rest in the parking area north of West Sixth Street.

Supplementing the foregoing factual statement it should be stated the record discloses.

1. That following the introduction of plaintiff's evidence defendant demurred thereto. This demurrer was overruled.

2. That after defendant adduced its evidence, and plaintiff her rebuttal evidence, the defendant renewed its demurrer to plaintiff's evidence and further moved for a directed verdict in its favor. Thereupon the demurrer and motion for directed verdict were both overruled.

3. That following the jury's return of the verdict and its answers to submitted special questions defendant moved (a) to strike the answers to such questions and (b) moved for judgment notwithstanding the verdict. Defendant, as previously indicated, also filed a motion for a new trial, based on several of the grounds prescribed by our statute (G. S. 1949, 60-3001). Ultimately the trial court overruled the motions identified as (a) and (b) and then, after finding it could not approve the verdict and was dissatisfied therewith, granted a new trial on that basis and set aside the general verdict and the answers to special questions.

Following action by the trial court as heretofore indicated plaintiff gave notice of appeal and defendant a notice of cross-appeal

which entitle each of such parties to appellate review of the claims of error, to which we shall presently refer, made by them in their respective specifications of error.

In approaching the issues it should be stated that in order to avoid possible confusion we shall continue throughout the remainder of this opinion to refer to the parties as plaintiff and defendant, notwithstanding plaintiff might properly be referred to as appellant and cross-appellee and the defendant as appellee and cross-appellant.

Plaintiff's first, and we may add her principal, claim of error is that the trial court erred in setting aside the verdict of the jury and granting a new trial. Nothing would be gained by laboring the record. It suffices to say that after carefully reviewing it we find that in three separate stages of the proceedings the trial court, in clear and inescapable language, found that it not only could not approve the verdict but was dissatisfied therewith.

With the findings construed as just indicated the claim of error now under consideration falls squarely within the rule announced in *Nicholas v. Latham,* 179 Kan. 348, 295 P. 2d 631, where it is held:

"When a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial." (Syl. ¶ 2.)

And in the opinion said:

". . . Having expressed dissatisfaction with the verdict, the trial court could do no other than grant a new trial. The trial court has an important function to perform when the verdict is challenged by a motion for a new trial. On that motion the trial court declared its disapproval of the verdict. From the beginning it has been the rule that if a verdict rendered by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial. This rule has been adhered to without variableness or shadow of turning. It is well stated in *Bishop v. Huffman,* 175 Kan. 270, 274, 275, 262 P. 2d 948, wherein the court said:

" 'The result is, that under the confronting facts and circumstances of this case, the propriety of the ruling granting a new trial must be examined in the light of the principles to which this court has universally adhered, *i. e.,* that if a trial court is dissatisfied with a verdict it not only has the authority but it is its duty to set such verdict aside (See *Schroeder v. Texas Co.,* 169 Kan. 607, 609, 219 P. 2d 1063, and decisions there cited); that an order of a trial court sustaining a motion for a new trial will not be reversed unless abuse of discretion is apparent (See *Bateman v. Roller,* 168 Kan. 111, 112, 211 P. 2d

440); and that the granting of a motion of such nature rests so much in the trial court's sound discretion that its action with respect thereto will not be held to constitute reversible error on appellate review unless the party complaining thereof has clearly established error with repect to some pure, simple, and unmixed question of law (*Bateman v. Roller*, p. 113, *supra; Schroeder v. Texas Co.*, p. 609, supra).'

"This rule has been considered so frequently and it is so well understood that the citation of all of the authorities is unnecessary. A few of the Kansas reports where it was applied are: (Citing cases.)." (p. 352.)

For one of our more recent decisions dealing with the subject see *Allen v. Urban Renewal Agency*, 192 Kan. 682, 684, 685, 390 P. 2d 1020, which holds:

"The granting of a motion for a new trial rests so much in the trial court's sound discretion that its action will not be held to be reversible error on appellate review, unless it can be said the party complaining of such order has clearly established error with respect to some pure, simple and unmixed question of law." (Syl. ¶ 1.)

Readers of this opinion, desiring further information as to the rule just stated, will find numerous cases listed in Hatcher's Kansas Digest [Rev. Ed.], New Trial, § 25, and West's Kansas Digest, New Trial, § 65.

Plaintiff makes some complaint the trial court erred in setting aside the verdict of the jury and its answers to the special questions at the time of the granting of the motion for a new trial. This complaint lacks merit and cannot be upheld. See *Angell v. Hester*, 186 Kan. 43, 348 P. 2d 1050, where it is held:

"An order of the trial court granting a new trial sets aside the verdict and the answers to all special questions and the case stands for trial upon the issues made by the pleadings." (Syl. ¶ 8.)

For other decisions of like import see Hatcher's Kansas Digest [Rev. Ed.], New Trial, § 70 and West's Kansas Digest, New Trial, § 163[2].

In connection with defendant's cross-appeal it is urged the trial court erred in overruling its motion for a directed verdict at the conclusion of all the evidence and in overruling its motion for judgment *non obstante veredicto*. The difficulty from its standpoint stems from the fact that these rulings, even if erroneous—which we do not here determine—are all trial errors and, since no final judgment has been rendered in the action, are not appealable. See *Gould v. Robinson*, 181 Kan. 66, 70, 309 P. 2d 405.

Finally defendant contends the trial court erred in overruling its demurrer to plaintiff's evidence. The short and simple answer

to this contention is that our careful examination of the record discloses some evidence which, when given the benefit of all inferences to which it was entitled in reviewing the sufficiency of the evidence as against the demurrer would, if believed, sustain plaintiff's claim as to the defendant's negligence.

We find nothing in the record presented to warrant or permit a conclusion the trial court committed reversible error with respect to any of the matters considered or discussed in this opinion. Therefore the judgment must be affirmed.

It is so ordered.